**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| PATRICIA LOWRY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>RTI SURGICAL HOLDINGS, INC., CAMILLE I. FARHAT, BRIAN K. HUTCHISON, JONATHON M. SINGER, ROBERT P. JORDHEIM, and JOHANNES W. LOUW,<br><br>    Defendants. | Civil Action No. 1:20-cv-01939-MFK<br><br><br>CLASS ACTION<br><br><br>Hon. Matthew F. Kennelly |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ROSY YERETSIAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

SUMMARY OF ACTION...................................................................................................... 2

ARGUMENT......................................................................................................................... 3

      A.      Ms. Yeretsian Should Be Appointed Lead Plaintiff ............................................... 3

            1.      Ms. Yeretsian Has Timely Moved to Be Appointed Lead Plaintiff ........... 4

            2.      Ms. Yeretsian Possesses the Largest Financial Interest to Her Knowledge 4

            3.      Ms. Yeretsian Satisfies the Requirements of Rule 23................................ 5

                  *a.*      *Ms. Yeretsian's Claims Are Typical*................................................ 5

                  *b.*      *Ms. Yeretsian Is an Adequate Lead Plaintiff* ................................. 6

      B.      Pomerantz and RCF Should Be Approved as Co-Lead Counsel........................... 7

CONCLUSION..................................................................................................................... 9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Constr. Workers Pension Tr. Fund v. Navistar Intern. Corp.*, 13-CV-2111,
2013 WL 3934243 (N.D. Ill. July 30, 2013)................................................................5

*Gumm v. Molinaroli*, 16-CV-1093-PP,
2016 WL 6680462 (E.D. Wis. Nov. 14, 2016) ..........................................................5

*Hedick v. Kraft Heinz Co.*, No. 19-CV-1339,
2019 WL 4958238 (N.D. Ill. Oct. 8, 2019)............................................................4, 5

*In re Boeing Co. Aircraft Sec. Litig.*, 19 CV 2394,
2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .............................................................3

*In re Boeing Co. Aircraft Sec. Litig.*, 19-CV-02394,
2020 WL 476658 (N.D. Ill. Jan. 28, 2020)................................................................3

*Salinger v. Sarepta Therapeutics, Inc.*, 19-CV-8122 (VSB),
2019 WL 6873807 (S.D.N.Y. Dec. 17, 2019) ...........................................................5

*Shah v. Zimer Biomet Holdings, Inc.*, 316CV00815TLSMGG,
2017 WL 1207158 (N.D. Ind. Apr. 3, 2017) .............................................................7

*Sokolow v. LJM Funds Mgmt., Ltd.*, 18-CV-01039,
2018 WL 3141814 (N.D. Ill. June 26, 2018)..............................................................7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii).................................................................................1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)................................................................................3

**Rules**

Federal Rules of Civil Procedure Rule 23 ............................................................. *passim*

ii

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i), Ms. Rosy Yeretsian ("Ms. Yeretsian") respectfully submits this motion for: (1) appointment of Ms. Yeretsian as Lead Plaintiff on behalf of a class ("Class") consisting of all persons or entities who purchased or otherwise acquired the securities of RTI Surgical Holdings, Inc. ("RTI" or the "Company") from March 7, 2016 through March 16, 2020, both dates inclusive (the "Class Period"); and (2) approval of Ms. Yeretsian's selection of Pomerantz LLP ("Pomerantz") and Roche Cyrulnik Freedman LLP ("RCF") as Co-Lead Counsel for the Class.

## **PRELIMINARY STATEMENT**

Presently pending before this Court is the above-captioned federal securities class action (the "Action") lawsuit alleging violations of § 10(b) and § 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") brought on behalf of all persons and entities, other than the defendants and their affiliates, who purchased or otherwise acquired the securities of RTI during the Class Period. The PSLRA directs the Court to appoint the class member the Court "determines to be most capable of adequately representing the interests of class members" as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the applicable standards, Ms. Yeretsian has made the requisite *prime facie* showing that she is the "most adequate plaintiff" to represent the putative Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Ms. Yeretsian timely filed the Motion, has a substantial (and to her knowledge, the largest) financial interest in this Action with $8,499 in losses as a result of the alleged fraud during the Class Period, and satisfies the typicality and adequacy factors under Rule 23 of the Federal Rules

1

of Civil Procedure ("Rule 23").[1] Ms. Yeretsian will fairly and adequately protect the Class' interests by prosecuting this litigation and seeking the fullest recovery for the Class, and she is not subject to unique defenses that would render her an incapable lead plaintiff. Finally, Ms. Yeretsian has chosen qualified, experienced counsel, Pomerantz and RCF, who will provide Ms. Yeretsian and the Class with the highest caliber representation against these sophisticated defendants.

For the reasons summarized herein and discussed more fully below, Ms. Yeretsian's Motion should be granted in its entirety.

## SUMMARY OF ACTION

RTI designs, develops, manufactures, and distributes surgical implants worldwide. ¶ 7.[2] In 2016, 2017, 2018, and 2019, the Company made various public statements to investors about the Company's revenue recognition, revenue from contracts with customers, and internal controls. ¶¶ 19-33. On March 16, 2020, RTI disclosed that:

- Its Audit Committee "is in the process of conducting an internal investigation of current and prior period matters relating to the Company's revenue recognition practices regarding the timing of revenue with respect to certain contractual arrangements, primarily with OEM customers, including the accounting treatment, financial reporting and internal controls related to such arrangements";

- "The Audit Committee investigation was precipitated by an ongoing SEC investigation related to the periods 2014 through 2016"; and

- "The Company will not be in a position to file its Form 10-K until the Audit Committee concludes its investigation and the Company and its independent auditor assess the results of that investigation."

---

[1] Certifications identifying Ms. Yeretsian's transactions in RTI, as required by the PSLRA, as well as a chart identifying losses, are attached to the Declaration of Jeremy A. Lieberman (Lieberman Decl.), as Exhibits A and B, respectively.

[2] All "¶_" or "¶¶_" references are to the Class Action Complaint for Violations of the Federal Securities Laws ("Complaint") (Dkt. No. 1), all emphasis added, and citations and internal quotations omitted unless otherwise stated.

¶ 35. These disclosures revealed that the Company's prior statements were materially false and/or misleading because they misrepresented and/or failed to disclose adverse facts pertaining to the Company's business, operations, and prospects, which were known to and/or recklessly disregarded by Defendants. ¶ 34. As a result of these revelations, RTI's shares fell 14.55% on March 17, 2020, causing significant damage to investors. ¶¶ 36-37.

In response, Plaintiff Patricia Lowry, individually and on behalf of a class, initiated this litigation against RTI and various executives. ¶¶ 6-18. Plaintiff Lowry raises two causes of action: (1) violations of § 10(b) of the Exchange Act and Rule 10b-5; and (2) violations of § 20(a) of the Exchange Act. ¶¶ 47-62.

## ARGUMENT

### A. Ms. Yeretsian Should Be Appointed Lead Plaintiff

"Under the PSLRA, there is a rebuttable presumption that the most adequate plaintiff to serve as lead plaintiff is the person or group of persons that":

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*In re Boeing Co. Aircraft Sec. Litig.*, 19 CV 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019), *reconsideration denied*, 19-CV-02394, 2020 WL 476658 (N.D. Ill. Jan. 28, 2020) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)). "This presumption may be rebutted only by proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of inadequately representing the class." *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

3

As stated below, Ms. Yeretsian meets each requirement. She timely filed a lead plaintiff motion, has the largest financial interest, and satisfies the applicable Rule 23 factors.

### 1. Ms. Yeretsian Has Timely Moved to Be Appointed Lead Plaintiff

The PSLRA notice was published on March 23, 2020, specifying that the deadline to move for Lead Plaintiff would be May 22, 2020. *See* Lieberman Decl., Exhibit C (PSLRA Notice). Ms. Yeretsian has met the deadline as she filed this Motion on May 22, 2020.

### 2. Ms. Yeretsian Possesses the Largest Financial Interest to Her Knowledge

"The PSLRA . . . does not specify how courts should measure the largest financial interest in the relief sought by the class[,]" but "[m]ost courts consider: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019). "While courts differ on the precise weight to apply to each factor, most courts agree that fourth factor—the approximate losses suffered—is the most salient factor in selecting the lead plaintiff." *Id.*

Consideration of each of these four factors demonstrates Ms. Yeretsian has an extensive financial interest in this Action. First, Ms. Yeretsian purchased 4,500 shares of RTI securities during the Class Period. Lieberman Decl., Exhibit A (Yeretsian Certification), Exhibit B (Yeretsian Loss Chart). Second, Ms. Yeretsian sold only 1,200 shares of RTI securities during the Class Period, leaving net purchases of 3,300 shares. *Id.* Third, Ms. Yeretsian expended $20,383 on purchases of RTI securities during the Class Period. *Id.* Finally, Ms. Yeretsian

4

suffered a total loss of approximately $8,499. *Id.* Ms. Yeretsian is unaware of any lead plaintiff movant with a greater loss. Hence, Ms. Yeretsian possesses, to her knowledge, the largest financial interest.

        3.   <u>Ms. Yeretsian Satisfies the Requirements of Rule 23</u>

"The typicality and adequacy elements are the relevant factors to the appointment of a lead plaintiff," when determining whether a movant satisfies Rule 23's requirements. *Kraft*, 2019 WL 4958238, at \*3. "[T]he movants only need to make a preliminary showing that the rules have been satisfied." *Gumm v. Molinaroli*, 16-CV-1093-PP, 2016 WL 6680462, at \*4 (E.D. Wis. Nov. 14, 2016); *Salinger v. Sarepta Therapeutics, Inc.*, 19-CV-8122 (VSB), 2019 WL 6873807, at \*3 (S.D.N.Y. Dec. 17, 2019) ("This determination need not be as complete as would a similar determination for the purpose of class certification, and the movant is only required to make a prima facie showing that it meets the typicality and adequacy requirements.").

        a.  *Ms. Yeretsian's Claims Are Typical*

"[A] plaintiff's claims are typical if they arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Kraft*, 2019 WL 4958238, at \*3; *see also Constr. Workers Pension Tr. Fund v. Navistar Intern. Corp.,* 13-CV-2111, 2013 WL 3934243, at \*4 (N.D. Ill. July 30, 2013) ("Central States satisfies the typicality requirement because it has shown that, like other Plaintiffs, it bought shares from Navistar during the class period, paid prices allegedly inflated because of the allegedly false and misleading statements made by Defendants, and suffered damages as a result of the alleged fraud.").

Ms. Yeretsian satisfies the typicality requirement. Like every putative Class member, Ms. Yeretsian purchased RTI shares during the class period at artificially inflated prices and then

suffered damages as a result of the alleged fraud when RTI made the March 16, 2020 disclosures described above and in the Complaint. Thus, Ms. Yeretsian's claims are typical of, if not identical to, the Class's claims.

b. *Ms. Yeretsian Is an Adequate Lead Plaintiff*

"A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who [will] be able to prosecute the litigation vigorously." *Id.*

Analysis of each of these factors confirms Ms. Yeretsian's adequacy. First, Ms. Yeretsian has no conflict with the Class. She purchased the same securities and suffered the same type of damages as the Class. Her interests are therefore directly aligned with, and not antagonistic to, the Class's interests.

Second, Ms. Yeretsian has a strong, not simply sufficient, interest in the Action's outcome. Ms. Yeretsian has suffered $8,499 in losses caused by Defendants' conduct. Lieberman Decl., Exhibit A (Yeretsian Certification), Exhibit B (Yeretsian Loss Chart). Because of that loss, Ms. Yeretsian is motivated to maximize the Class's recovery.

Finally, Ms. Yeretsian has chosen class counsel that are qualified, experienced, and able to conduct this litigation efficiently and effectively. As addressed below (Section B, *infra*), Pomerantz and RCF are ready, willing, and able to provide the Class with experienced, reputable, and high-caliber legal representation.

In sum, Ms. Yeretsian has the incentive, willingness, and ability to prosecute the claims on behalf of the Class. Thus, she has demonstrated adequacy under Rule 23.

## B. Pomerantz and RCF Should Be Approved as Co-Lead Counsel

"The PSRLA further provides that the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Sokolow v. LJM Funds Mgmt., Ltd.*, 18-CV-01039, 2018 WL 3141814, at *2 (N.D. Ill. June 26, 2018); *Shah v. Zimer Biomet Holdings, Inc.*, 316CV00815TLSMGG, 2017 WL 1207158, at *2 (N.D. Ind. Apr. 3, 2017) ("In approving the lead plaintiff's selection of counsel, the court review[s] the selection deferentially and only intervene[s] if it is necessary to protect the interests of the plaintiff class."); *Hecla Mining Co.*, 2020 WL 1444934, at *9 ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel.").

The record confirms that Ms. Yeretsian's selection of counsel, Pomerantz and RCF, are qualified, experienced, and capable of effectively prosecuting this Action on behalf of Ms. Yeretsian and the Class. *See* Lieberman Decl., Exhibits D (Pomerantz Resume) and E (RCF Resume).

Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors. In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities. *See* Lieberman Decl., Exhibit D (Pomerantz Resume). More recently, Pomerantz announced as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it had achieved a $110 million settlement on behalf of the class

7

in that action. *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066). The foregoing achievements are part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See* Lieberman Decl., Exhibit D (Pomerantz Resume). Courts throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *In re Allergan PLC Sec. Litig.*, 18-cv-12089 (S.D.N.Y.); *Anarkat v. CVS Health Corporation*, 19-cv-01725 (S.D.N.Y.); *Yang v. Nobilis Health Corp.*, 19-cv-145 (S.D. Tex.); and *Costas v. Ormat Technologies, Inc.*, 18-cv-271 (D. Nev.).

RCF is a litigation focused firm whose attorneys previously litigated at some of the most prestigious and successful litigation firms in the United States. The firm's attorneys have previously been appointed as co-lead counsel in securities class actions, including *Kipling v. Flex Ltd., et al.*, No. 18-CV-02706-LHK, Dkt. No. 21 (N.D. Cal.), and consumer class actions, including *In re Google Plus Profile Litigation*, No. 5:18-cv-06164-EJD (N.D. Cal.), Dkt. No. 44, and *In re First American Financial Corporation Cases*, No. 8:19-cv-01105, Dkt. No. 34 (C.D. Cal.). *See* Lieberman Decl., Exhibit E (RCF Resume). In addition, the firm's attorneys have clerked for federal judges sitting in the Southern District of New York, Eastern District of New York, Eastern District of Pennsylvania, Eastern District of Louisiana, Southern District of Florida, Second Circuit, Fourth Circuit, Ninth Circuit, and United States Supreme Court. *See id.* RCF was recently appointed interim class counsel (along with two other law firms) on behalf of investors alleging that a prominent cryptocurrency exchange and issuer engaged in large scale market manipulation in violation of various federal and state laws that resulted in billions of dollars in damages. *See*

*Leibowitz v. Ifinex Inc.*, No. 1:19-cv-09236-KPF (S.D.N.Y.). Moreover, RCF's attorneys have decades of experience with complex litigation, including securities litigation and class actions on behalf of plaintiffs and defendants. *See* Lieberman Decl., Exhibit E (RCF Resume). Ms. Yeretsian respectfully submits that this wealth of experience and qualification demonstrates Counsel's collective abilities to provide the Class with the highest caliber of representation.

<u>**CONCLUSION**</u>

For the foregoing reasons, Ms. Yeretsian respectfully requests that the Court: (1) appoint Ms. Yeretsian as Lead Plaintiff on behalf of the Class; and (2) approve Ms. Yeretsian's selection of RCF and Pomerantz as Co-Lead Counsel for the Class.

DATED: May 22, 2020 Respectfully Submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

**ROCHE CYRULNIK FREEDMAN LLP**
Velvel (Devin) Freedman
(*pro hac vice* application forthcoming)
Kyle W. Roche
(*pro hac vice* application forthcoming)
Ivy T. Ngo

9

(*pro hac vice* application forthcoming)
Constantine P. Economides
(*pro hac vice* application forthcoming)
Southeast Financial Center
200 S. Biscayne Blvd.
Suite 5500
Miami, FL 33131
Telephone: (305) 851-5997
Email: vfreedman@rcfllp.com
Email: kyle@rcfllp.com
Email: ingo@rcfllp.com
Email: ceconomides@rcfllp.com

*Counsel for Lead Plaintiff Movant Rosy*
*Yeretsian and Proposed Co-Lead Counsel*
*for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
(*pro hac vice* application forthcoming)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Movant Rosy Yeretsian*

10