**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| PATRICIA LOWRY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No.: 20-cv-01939 |
| RTI SURGICAL HOLDINGS, INC., CAMILLE I. FARHAT, BRIAN K. HUTCHISON, JONATHON M. SINGER, ROBERT P. JORDHEIM, and JOHANNES W. LOUW, | ) ) ) ) ) ) | Honorable Matthew F. Kennelly |
| Defendants. | ) ) ) | |

## UNOPPOSED MOTION FOR REASSIGNMENT OF RELATED CASES

Defendants RTI Surgical Holdings, Inc. ("RTI"), Camille I. Farhat, Brian K. Hutchison, Robert P. Jordheim, Johannes W. Louw, and Jonathon M. Singer, by their undersigned counsel, respectfully file this unopposed motion, pursuant to Local Rule 40.4 of the United States District Court for the Northern District of Illinois, for the reassignment of two related cases. Counsel for the presumptive lead plaintiff has indicated that their client does not oppose this motion and all parties in the related cases described below join in it. In support of this motion, the parties state:

1. This putative class action was filed several months ago by a purported RTI shareholder, Patricia Lowry, who asserted claims under the Securities Exchange Act of 1934 (the "'34 Act") against RTI and certain of its current and former officers and directors (the "Securities Action"). The proposed class period is March 7, 2016 to March 16, 2020.

2. On June 5, 2020, another purported RTI shareholder, David Summers, filed a verified shareholder derivative complaint in this District seeking to assert claims under the '34 Act

and state law against certain of RTI's current and former officers and directors for alleged wrongdoing committed from March 7, 2016 through the present. *Summers v. Farhat et al.*, No. 20-cv-3347 ("Summers Derivative Action"). Summers identified this action as a "related case" on his civil cover sheet. The Summers Derivative Action was assigned to Judge Martha M. Pacold. The complaint and civil cover sheet in the Summers Derivative Action are attached to this motion as Exhibit A.

3. On June 12, 2020, a third purported RTI shareholder, Niall Campbell, filed a verified shareholder derivative complaint in this District seeking to assert claims under the '34 Act and state law against certain of RTI's current and former officers and directors for alleged wrongdoing committed from March 7, 2016 through the present. *Campbell v. Farhat et al.*, No. 20-cv-3464 ("Campbell Derivative Action"). Campbell identified the Summers Derivative Action as a "related case" on his civil cover sheet. The Campbell Derivative Action was assigned to Judge Sara L. Ellis. The complaint and civil cover sheet in the Campbell Derivative Action are attached to this motion as Exhibit B.

4. The Summers Derivative Action and the Campbell Derivative Action (collectively the "Derivative Actions") are based on substantially similar facts and misconduct alleged in the complaint in this action and are focused on the same time period of 2016 to 2020.

5. The plaintiff in this action and the plaintiffs in the Derivative Actions all assert claims under Sections 10(b) and 20(a) of the '34 Act arising from the same transactions and occurrences, and involve the same issues of fact and law. Accordingly, under Local Rule 40.4(a) ("Related Cases, Reassignment of Cases as Related"), the Derivative Actions and this Securities Action are Related Cases because the cases "involve some of the same issues of fact or law" and "the cases grow out of the same transaction or occurrence." *See Mims v. Wilson*, Case No. 2-CV-

2

1038 (N.D. Ill. Apr. 30, 2020) (Finding of Relatedness Pursuant to Local Rule 40.4 reassigning a derivative action to the judge presiding over earlier-filed securities action) (attached as Exhibit C).

6.      The Derivative Actions satisfy all the criteria of Rule 40.4(b) for reassignment. Rule 40.4(b) provides that: "A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

7.      The Derivative Actions and the Securities Action are both pending in the Northern District of Illinois, Eastern Division.

8.      Having both the Securities Action and the Derivative Actions handled by the same court is likely to result in a substantial savings of judicial time and effort.  Both sets of cases assert claims for violations of Section 10(b) and Section 20(a) of the '34 Act, 15 U.S.C. § 78j(b) and § 78t(a), and are focused on the same time period of March 2016 to March 2020. *Compare* Securities Action Complaint, Counts I and II, and Derivative Actions Complaints, Counts II and III. Moreover, all of the named defendants in this Securities Action are named parties in the Derivative Actions.  While the Derivative Actions include additional individual defendants, the claims alleged in this Securities Action are subsumed in the Derivative Actions.  These common claims and common facts distinguish this matter from other decisions denying requests for reassignment.  In *Hollinger Int'l, Inc. v. Hollinger Inc.*, Case No. 04-cv-0698, 2004 WL 1102327 (N.D. Ill. May 5, 2004), and *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.,* Case No. 02-cv-5893, 2003

3

WL 21011757 (N.D. Ill. May 5, 2003), the courts denied requests for reassignment because the derivative actions were not based on parallel '34 Act violations, but rather on violation of Sarbanes Oxley (*Jaffe),* or state law claims for misappropriation of funds (*Hollinger*).

9. This Securities Action was filed on March 23, 2020, and responsive pleadings are not yet due. Designating the Derivative Actions as related and reassigning them will not delay the proceedings in this Securities Action. Having one court consider and rule on the issues common to each of the complaints will avoid the duplication of efforts and waste of valuable judicial resources.

10. The Derivative Actions should be reassigned to the calendar of this court.

WHEREFORE, the parties in the Derivative Actions and the defendants in the Securities Action request that this court make all findings and recommendations necessary under Local Rule 40.4 to effectuate a reassignment of the Derivative Actions as Related Cases, so that they may proceed with the pending Securities Action.

Dated:  June 18, 2020

**WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ, LLC**

By: /s/  Carl V. Malmstrom
    Carl V. Malmstrom
    111 W. Jackson St, Suite 1700
    Chicago, IL 60604
    T: 312-984-0000
    F:212-686-0114
    malmstrom@whafh.com

*Counsel for Plaintiff Niall Campbell and David Summers*

**DLA PIPER LLP (US)**

By:  /s/ Yan Grinblat
    Yan Grinblat
    444 West Lake Street, Suite 900
    Chicago, IL 60606-0089
    T: 312.368.2183
    E: yan.grinblat@us.dlapiper.com

    Deborah Meshulam*
    500 8th Street NW
    Washington DC 20004
    T: 202.799.4511
    E: deborah.meshulam@us.dlapiper.com

    Keara M. Gordon*
    1251 Avenue of the Americas
    New York, NY 10020-1104
    T: 212.335.4632
    E: keara.gordon@us.dlapiper.com

    * Admitted *pro hac vice*

*Counsel for Defendant Robert R. Jordheim*

**HOMER BONNER JACOBS ORTIZ**

By:  /s/ Russell Koonin
    Russell Koonin*
    Adam Schwartz*

Respectfully Submitted:

**HOLLAND & KNIGHT LLP**

By:  /s/ Martin G.Durkin
    Martin G. Durkin
    martin.durkin@hklaw.com
    150 N. Riverside Plaza, Suite 2700
    Chicago, IL 60606
    T: 312.263.3600
    F: 312.578.6666

    Louise McAlpin*
    louise.mcalpin@hklaw.com
    Stephen P. Warren*
    stephen.warren@hklaw.com
    Allison Kernisky*
    allison.kernisky@hklaw.com
    701 Brickell Avenue, Suite 3300
    Miami, Florida 33131
    T: 305.374.8500
    F: 305.789.7799

    * Admitted *pro hac vice*

*Counsel for Defendant RTI Surgical Holdings, Inc., Camille I. Farhat, and Jonathon M. Singer*

**MURPHY & McGONIGLE**

By:  /s/ James K. Goldfarb
    James K. Goldfarb*
    Stephen J. Crimmins
    1185 Avenue of the Americas, 21st Floor
    New York NY 10036
    T: 212.880.3961
    E: jgoldfarb@mmlawus.com
    E: scrimmins@mmlawus.com

    * Admitted *pro hac vice*

*Counsel for Defendant Brian K. Hutchison*

5

1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
T: 305.350.5100
E: rkoonin@homerbonner.com
E: aschwartz@homerbonner.com

-and-

**JAYARAM LAW, INC.**
Vivek Jayaram
Elizabeth Austermuehle
125 S. Clark Street
Suite 1175
Chicago, Illinois 60603
T: 312 212 8676
E: vivek@jayaramlaw.com
E:liz@jayaramlaw.com


\* Admitted *pro hac vice*

*Counsel for Defendant Johannes W. Louw*
#75583347_v1

6