**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

PATRICIA LOWRY, individually and on
behalf of all others similarly situated,

                             Plaintiff,

v.

RTI SURGICAL HOLDINGS, INC.,
CAMILLE I. FARHAT, BRIAN K.
HUTCHISON, JONATHON M. SINGER,
ROBERT P. JORDHEIM, and JOHANNES
W. LOUW,

                          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.: 20-cv-01939
Honorable Matthew F. Kennelly

**ALL PARTIES'
MOTION FOR REASSIGNMENT
OF RELATED CASE**

Plaintiff Dominick de Filippis, jointly with Defendants RTI Surgical Holdings, Inc.
("RTI"), Camille I. Farhat, Brian K. Hutchison, Robert P. Jordheim, Johannes W. Louw, Peter F.
Gearen, Thomas A. Mceachin, Curtis M. Selquist, Jonathon M. Singer Mark D. Stolper,
Christopher R. Sweeney, Paul G. Thomas, Nicholas J. Valeriani, and Shirley A. Weis, by their
undersigned counsel, respectfully move pursuant to Local Rule 40.4 of the United States District
Court for the Northern District of Illinois, for the reassignment of a related case. All parties in the
related case join in this motion. In support of this motion, the parties state:

1.      This putative class action was filed on March 23, 2020 by purported RTI
shareholder, Patricia Lowry, who asserted claims under the Securities Exchange Act of 1934 (the
"'34 Act") against RTI and certain of its current and former officers and directors (the "Securities
Action"). The proposed class period is March 7, 2016 to March 16, 2020.

2.     On July 7, 2020, another purported RTI shareholder, Dominick de Filippis, filed a verified shareholder derivative complaint in this District seeking to assert claims under the '34 Act and state law against certain of RTI's current and former officers and directors for alleged wrongdoing committed from March 7, 2016 through the present. *De Filippis v. Farhat, et al.,* No. No. 20-cv-3953 (the "De Filippis Derivative Action").  De Filippis identified this action as a "related case" on his civil cover sheet.  The De Filippis Derivative Action was assigned to Judge Virginia M. Kendall.  The complaint and civil cover sheet in the De Filippis Derivative Action are attached to this motion as Exhibit A.

3.     The De Filippis Derivative Action relates to three other litigations currently before this Court as related cases entitled *Summers v. Farhat et al.*, No. 20-cv-3347 ("Summers Derivative Action"); *Campbell v. Farhat et al.*, No. 20-cv-3464 ("Campbell Derivative Action"); and *Lowry v. RTI, et al*, No.: 20-cv-01939 (the "Securities Action"). These cases are similarly based upon the '34 Act and state law against certain of RTI's current and former officers and directors for alleged wrongdoing committed from March 7, 2016 through the present.  The Summers and Campbell Derivative Actions (collectively the "Derivative Actions") were previously reassigned to this Court. (Dkt. 35.)

4.     The Derivative Actions, as well as the Securities Action, are based on the same facts and misconduct alleged in the complaint in the De Filippis Derivative Action and are focused on the same time period of 2016 to 2020.

5.     The plaintiff in the De Filippis Derivative Action and the plaintiffs in the Derivative Actions and Securities Action all assert claims under Sections 10(b) and 10(b)-5 of the '34 Act arising from the same transactions and occurrences, and involve the same issues of fact and law. Accordingly, under Local Rule 40.4(a) ("Related Cases, Reassignment of Cases as Related"), the

Derivative Actions and this Securities Action are Related Cases because the cases "involve some of the same issues of fact or law" and "the cases grow out of the same transaction or occurrence." *See Mims v. Wilson*, Case No. 2-CV-1038 (N.D. Ill. Apr. 30, 2020) (Finding of Relatedness Pursuant to Local Rule 40.4 reassigning a derivative action to the judge presiding over earlier-filed securities action) (attached as Exh. A).

6. The De Filippis Derivative Action satisfies all the criteria of Rule 40.4(b) for reassignment. Rule 40.4(b) provides that: "A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding."

7. The De Filippis Derivative Action, the Derivative Actions, and the Securities Action are pending in the Northern District of Illinois, Eastern Division. The Derivative Actions and the Securities Action are pending before Judge Kennelly.

8. Having the De Filippis Derivative Action, the Derivative Actions, and the Securities Action handled by the same court is likely to result in a substantial savings of judicial time and effort. The cases all assert claims for violations of Section 10(b) and 10(b)-5 of the '34 Act and are focused on the same time period of March 2016 to March 2020. *Compare* Securities Action Complaint, Counts I and II; Derivative Actions Complaints, Counts II and III; and the De Filippis Derivative Action Complaint, Counts III and IV. Moreover, all of the named defendants in this De Filippis Derivative Action are named parties in the Derivative and Securities Actions.

3

These common claims and common facts distinguish this matter from other decisions denying requests for reassignment. In *Hollinger Int'l, Inc. v. Hollinger Inc.*, Case No. 04-cv-0698, 2004 WL 1102327 (N.D. Ill. May 5, 2004), and *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.,* Case No. 02-cv-5893, 2003 WL 21011757 (N.D. Ill. May 5, 2003), the courts denied requests for reassignment because the derivative actions were not based on parallel '34 Act violations, but rather on violation of Sarbanes Oxley (*Jaffe),* or state law claims for misappropriation of funds (*Hollinger*).

9.      Designating the De Filippis Derivative Action as related and reassigning it will not delay the proceedings in the Derivative Actions or the Securities Action.

10.      The cases are susceptible of disposition in a single proceeding. The factual and legal issues underlying each complaint are the same. Like the Derivative Actions, the De Filippis Derivative Action includes a claim for violation of §14 of the Exchange Act, and common law counts for breach of fiduciary duty, unjust enrichment, and waste of corporate assets. These claims all arise from the common facts alleged for the violations of §10(b) and §10(b)-5. Having one court consider and rule on these common issues will avoid the duplication of efforts and waste of valuable judicial resources.

11.      The De Fillipis Derivative Action should be reassigned to the calendar of this court.

WHEREFORE, the parties in the De Filippis Derivative Action request that this court make all findings and recommendations necessary under Local Rule 40.4 to effectuate a reassignment of the De Filippis Derivative Action as a Related Case, so that they may proceed with the pending Derivative Actions and the Securities Action.

Dated:  July 7, 2020

Respectfully Submitted:

By: /s/ Marvin A. Miller
Marvin A. Miller
Andrew Szot
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL  60603
T:  312.332.3400
mmiller@millerlawllc.com
aszot@millerlawllc.com

Matthew M. Houston
Benjamin I. Sachs-Michaels
**GLANCY PRONGAY & MURRAY LLP**
712 Fifth Avenue
New York, New York 10019
T:  (212) 935-7400
bsachsmichaels@glancylaw.com

Robert V. Prongay
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
T:  (310) 201-9150
rprongay@glancylaw.com

Frank R. Cruz
**THE LAW OFFICES OF
 FRANK R. CRUZ**
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
T:  (310) 914-5007

*Counsel for Plaintiff Dominick De Filippis*

By: /s/ Yan Grinblat
**DLA PIPER LLP (US)**
Yan Grinblat
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
T: 312.368.2183
E: yan.grinblat@us.dlapiper.com

By: /s/ Martin G. Durkin
**HOLLAND & KNIGHT LLP**
Martin G. Durkin
martin.durkin@hklaw.com
150 N. Riverside Plaza, Suite 2700
Chicago, IL 60606
T: 312.263.3600
F: 312.578.6666

Louise McAlpin*
louise.mcalpin@hklaw.com
Stephen P. Warren*
stephen.warren@hklaw.com
Allison Kernisky*
allison.kernisky@hklaw.com
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
T: 305.374.8500
F: 305.789.7799

* Admitted *pro hac vice*

*Counsel for Defendant RTI Surgical
Holdings, Inc., Camille I. Farhat, and
Jonathon M. Singer*

By: /s/ James K. Goldfarb
**MURPHY & McGONIGLE**
James K. Goldfarb*
Stephen J. Crimmins
1185 Avenue of the Americas
21st Floor
New York NY 10036
T: 212.880.3961
E: jgoldfarb@mmlawus.com
E: scrimmins@mmlawus.com

* Admitted *pro hac vice*

*Counsel for Defendant Brian K. Hutchison*

5

Deborah Meshulam*
500 8th Street NW
Washington DC 20004
T: 202.799.4511
E: deborah.meshulam@us.dlapiper.com

Keara M. Gordon*
1251 Avenue of the Americas
New York, NY 10020-1104
T: 212.335.4632
E: keara.gordon@us.dlapiper.com

* Admitted *pro hac vice*

*Counsel for Defendant Robert R. Jordheim*


By: /s/ Russell Koonin
**HOMER BONNER JACOBS ORTIZ**
Russell Koonin*
Adam Schwartz*
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
T: 305.350.5100
E: rkoonin@homerbonner.com
E: aschwartz@homerbonner.com

**JAYARAM LAW, INC.**
Vivek Jayaram
Elizabeth Austermuehle
125 S. Clark Street, Suite 1175
Chicago, Illinois 60603
T: 312 212 8676
E: vivek@jayaramlaw.com
E:liz@jayaramlaw.com

* Admitted *pro hac vice*

*Counsel for Defendant Johannes W. Louw*

6