## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

PATRICIA LOWRY, individually and on
behalf of all others similarly situated,

               Plaintiff,

v.

RTI SURGICAL HOLDINGS, INC.,
CAMILLE I. FARHAT, BRIAN K.
HUTCHISON, JONATHON M. SINGER,
ROBERT P. JORDHEIM, and JOHANNES
W. LOUW,

               Defendants.

No.: 20-cv-01939
Honorable Matthew F. Kennelly

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") dated August 31, 2021 is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among Rosy Yeretsian ("Plaintiff"),[1] and RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings, Inc.), Camille I. Farhat, Brian K. Hutchison, Jonathon M. Singer, Robert P. Jordheim and Johannes W. Louw (collectively, "Defendants"), by and through their respective counsel. Plaintiff and Defendants are collectively referred herein as the "Parties" or sometimes the "Settling Parties."

1.     WHEREAS, on March 23, 2020, plaintiff Patricia Lowry filed a putative class action complaint styled as *Lowry v. RTI Surgical Holdings, Inc.*, alleging violations of federal

---

[1] All capitalized words and terms that are not otherwise defined in text shall have the meaning ascribed in the section entitled "Certain Definitions."

securities laws against the Defendants in the United States District Court for the Northern District of Illinois;

2.        WHEREAS, on May 22, 2020, Rosy Yeretsian filed a motion to be appointed Lead Plaintiff and for the appointment of Pomerantz LLP and Roche Freedman LLP as Lead Counsel;

3.        WHEREAS, on June 30, 2020, the Court appointed Rosy Yeretsian as Lead Plaintiff and appointed Pomerantz LLP and Roche Freedman LLP as Lead Counsel, and granted Lead Plaintiff forty-five days to file an amended or consolidated class action complaint;

4.        WHEREAS, after being granted an extension, on August 31, 2020, Lead Plaintiff filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws against the Defendants;

5.        WHEREAS, on October 15, 2020, RTI Surgical Holdings, Inc., Jonathon M. Singer, and Camile I. Farhat filed one motion to dismiss the Consolidated Amended Class Action Complaint, Brian K. Hutchison filed an individual motion to dismiss the Consolidated Amended Class Action Complaint, Johannes W. Louw filed an individual motion to dismiss the Consolidated Amended Class Action Complaint, and Robert P. Jordheim filed an individual motion to dismiss the Consolidated Amended Class Action Complaint;

6.        WHEREAS, on December 4, 2020, Plaintiff filed one Omnibus Opposition to the Motions to Dismiss;

7.        WHEREAS, on January 4, 2021, Defendants filed a Reply to the Omnibus Opposition for each of the Defendants per their motions to dismiss;

8.        WHEREAS, on April 1, 2021, the Court denied the motions to dismiss and directed the Defendants to answer the amended complaint by no later than April 29, 2021.

9.     WHEREAS, on April 29, 2021, all Defendants filed an Answer to the Consolidated and Amended Class Action Complaint;

10.    WHEREAS, on May 5, 2021, the Parties advised the Court during a telephonic status conference that the parties had agreed to a mediation session on June 30, 2021;

11.    WHEREAS, the Settlement set forth in this Stipulation is the product of substantial, protracted arm's-length negotiations, including significant mediation efforts conducted in a full day mediation session on June 30, 2021 and on  many occasions thereafter  by experienced mediator Michelle Yoshida;

12.    WHEREAS, in recognition of the inherent risks and costs of continued litigation and the benefits of resolving this litigation, the Parties desire to settle and resolve any and all actual or potential claims by or between Plaintiff, on the one hand, and the Released Persons, on the other hand, arising out of or relating to the subject matter of this Action;

13.    WHEREAS, the Parties agree to the certification of the Class to effectuate the Settlement herein, and thus for Settlement purposes only;

14.    WHEREAS, the Released Persons deny any wrongdoing and/or fault whatsoever, and the Settling Parties agree that this Stipulation, the fact of settlement, any settlement discussions, any settlement proceedings, and any statements and/or documents relating to this Settlement and/or to any settlement term do not constitute and in no event shall be construed as (or be considered evidence of) an admission or concession: (i) by any Released Person with respect to any fact or matter stated or alleged in the Action; (ii) by any Released Person with respect to any actual or potential claim, liability, wrongdoing, fault, or damage whatsoever; (iii) by any Released Person with respect to any infirmity in any defense or other argument that any Released

3

Person has asserted; or (iv) by Plaintiff with respect to any infirmity in the claims asserted in the Action;

15.     WHEREAS, the Parties wish to settle and compromise any dispute regarding the Action or its subject matter, including but not limited to whether the Action was filed by Plaintiff and defended by Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure, and agree that the Action is being voluntarily settled after work with an experienced mediator and on advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable;

16.     WHEREAS, Lead Counsel, on the basis of their further investigation and the opinions of retained experts, have thoroughly analyzed both the underlying events and transactions alleged in the Action and the  claims against Defendants, and the potential defenses thereto.  As a result of this information and her discussions with Lead Counsel, Plaintiff has sufficient bases to evaluate the Settlement, as described in this Stipulation, and has concluded that the Settlement is fair, reasonable and adequate to her and the Class;

17.     WHEREAS, Lead Counsel have also concluded that the terms and conditions of the Settlement set forth herein are fair, reasonable, and adequate to Plaintiff and the Class, and in their best interests, after considering: (i) the substantial benefits that the Class will receive from settlement of the claims against Defendants; (ii) the attendant costs and risks of litigation; and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation;

NOW, WHEREFORE, without any admission or concession on the part of the Plaintiff of any lack of merit in the Action whatsoever, and without any admission or concession on the part of Defendants of any liability, wrongdoing, fault, or lack of merit in the defenses asserted in the

Litigation whatsoever, the Parties hereby STIPULATE AND AGREE, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to the following terms and conditions:

### A. CERTAIN DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1. "Action" means *Lowry v. RTI Surgical Holdings, Inc.*, Civil Action No. 20 C 01939 (MFK), pending in the United States District Court for the Northern District of Illinois.

2. "Attorneys' Fees and Expenses" means any portion of the Gross Settlement Fund approved by the Court for payment to Lead Counsel, including attorneys' fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice and Administration Expenses).

3. "Authorized Claimant" means any Claimant whose claim for recovery has been allowed pursuant to the terms of the Stipulation or by order of the Court.

4. "Award to Plaintiff" means any portion of the Gross Settlement Fund approved by the Court for payment to Plaintiff Rosy Yeretsian as reimbursement for her service to the Class in this Action, and of reasonable costs and expenses directly relating to the representation of the Class pursuant to 15 U.S.C. § 78u-4(a)(4).

5. "Bar Order" means that portion of the Order and Judgment, the text of which will be substantially in the form set out in paragraphs 15 and 16 of Exhibit B that the Settling Parties will ask the Court to enter and that is an essential term of the Settlement.

6. "Barred Claims" means any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against the Released Persons (including claims asserted by Released Persons against other Released Persons) where the claim is or arises from a Released Claim and the alleged injury to

such Person arises from that Person's alleged liability to the Class or any Class Member, including any claim in which a Person seeks to recover from any of the Released Persons (i) any amounts such person or entity has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member.

7. "Claimant" means any Class Member who files a Proof of Claim in such form and manner, and within such time, as set forth in this Stipulation, or as the Court shall prescribe.

8. "Claims Administrator" means the accounting and claims administration firm which Lead Counsel requests the Court to appoint to administer this Settlement and disseminate notice to the Class.

9. "Class" means the Class for which Plaintiff will seek certification by the Court for the purpose of this Settlement only, consisting of:

> All persons and entities that purchased or otherwise acquired RTI common stock from March 7, 2016 through March 27, 2020, both dates inclusive (the "Class Period") and were damaged thereby.

Excluded from the Class are Defendants, the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above have or had a controlling interest.

10. "Class Member" means a member of the Class.

11. "Court" means the United States District Court for the Northern District of Illinois.

12. "Defendants" means Defendant RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings, Inc.), and Individual Defendants Camille I. Farhat, Brian K. Hutchison, Jonathon M. Singer, Robert P. Jordheim and Johannes W. Louw.

13. "Defendants' Counsel" means the law firms of Holland & Knight LLP; DLA Piper LLP (US); Homer Bonner Jacobs Oritz, P.A.; Jayaram Law, Inc.; Murphy & McGonigle P.C.; and Ulmer & Berne LLP.

14. "Distribution Order" means the order entered by the Court, upon application of Lead Counsel and on notice to Defendants' Counsel, following the occurrence of the events identified in paragraph D.11 below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to the Class.

15. "Effective Date" means the date on which all of the conditions set forth below in paragraph J.1 shall have been satisfied.

16. "Escrow Agent" means Huntington Bank.

17. "Final" shall mean, with respect to the Court's Order and Judgment, the occurrence of either of the following (whichever is earlier): (i) if an appeal or review is not sought by any Person from the Order and Judgment, the day following the expiration of the time to appeal or petition from the Order and Judgment; or (ii) if an appeal or review is sought from the Order and Judgment, the day after such Order and Judgment is affirmed or the appeal or review is dismissed or denied and such Order and Judgment is no longer subject to further judicial review, including upon appeal or review by writ of certiorari.

18. "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

19. "Lead Counsel" means the law firms of Pomerantz LLP and Roche Freedman LLP.

20. "Net Settlement Fund" means the Gross Settlement Fund, less: (i) taxes on the income thereof and any Tax Expenses; (ii) the Notice and Administration Expenses as authorized

by this Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Plaintiff authorized by the Court; and (v) other fees and expenses authorized by the Court.

21.    "Notice and Administration Escrow Account" means the account to be funded from the Gross Settlement Fund and established and maintained by Lead Counsel. The Notice and Administration Escrow Account may be drawn upon by Lead Counsel for Notice and Administration Expenses without further order of the Court.  Prior to the Effective Date, no more than $200,000.00 (Two Hundred Thousand Dollars and Zero Cents) may be paid for Notice and Administration Expenses without further order of the Court.

22.    "Notice and Administration Expenses" means all expenses incurred (whether or not paid) in connection with the preparation, printing, mailing, and publication of the Notice to the Class of the proposed settlement, all expenses associated with the Notice and Administration Escrow Account, Settlement Escrow Account, and Escrow Agent, and all other expenses of Settlement administration; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses through the Effective Date.  All such Notice and Administration Expenses shall be paid from the Gross Settlement Fund.

23.    "Order and Judgment" means the order and judgment entered by the Court, substantially in the form attached hereto as Exhibit B.

24.    "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government, or any political subdivision or agency thereof, any other type of legal or political entity, any representative, and, as applicable, their respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

25.    "Plaintiff" means Rosy Yeretsian.

26.     "Plan of Allocation" means the plan for allocating the Net Settlement Fund (as set forth in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), attached as Exhibit A-1 to the Order of Preliminary Approval of Settlement) to Authorized Claimants after payment of Notice and Administration Expenses, Taxes and Tax Expenses, and Attorneys' Fees and Expenses. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no liability with respect thereto.

27.     "Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and Unknown Claims, from the beginning of time until the date on which the Court enters final approval of the Settlement, the Action is dismissed, and all appeals, if any, have been exhausted and which have been or could have been asserted in any forum by Plaintiff or the Class, or any of them, or the successors or assigns of any other them, whether directly, indirectly, representatively or in any other capacity against any of the Released Persons, which arise out of, or related in any way, directly or indirectly, to the allegations, transactions, facts, events matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitations, claims for statutory or common law fraud, negligence, gross negligence, or breach of fiduciary duty, provided, however, that the claims to be released shall not include any release of the derivative claims asserted in *In re RTI Surgical Derivative Litigation*, Civil Action No. 20 C 03347 (MFK), pending in the U.S. District Court for the Northern District of Illinois. Expressly excluded from the definition of Released Claims are: (i) all claims of any Person who submits a request for exclusion from the Settlement, to the extent that the Court grants any such request; and (ii) all claims to enforce the terms of this Stipulation.

28.     "Released Defendants' Claims" means all claims, demands, rights, remedies, liabilities, and causes of action of every nature and description whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, including both known and Unknown Claims, that: (i) have been or could have been asserted in the Action by any of the Released Persons or the successors and assigns of any of them, against  Plaintiff, the Class or Plaintiff's Counsel, and any other attorney acting or purporting to act on behalf of Plaintiff, the Class or Plaintiff's counsel; and (ii) arise out of or relate in any way to the institution, prosecution, or Settlement of this Action or the Released Claims, including but not limited to all claims for malicious prosecution or sanctions.  "Released Defendants' Claims" does not include claims to enforce any of the terms of this Stipulation.

29.     "Released Persons" means RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings Inc.), and its past or present subsidiaries, parents, affiliates, successors and predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, agents, auditors, accountants, and any firm, trust, corporation or other entity in which it has a controlling interest; and any and all Individual Defendants, their legal representatives, heirs, successors in interest or assigns, or any person, firm, trust, corporation or other entity in which any Individual Defendant has a controlling interest.

30.     "Settlement" means the settlement of the Action contemplated by this Stipulation.

31.     "Settlement Amount" means a sum in the amount of $10,500,000.00 (Ten Million Five Hundred Thousand Dollars and Zero Cents).

32.     "Settlement Escrow Account" means the interest-bearing account selected by the Escrow Agent for depositing the Settlement Amount less Notice and Administration Expenses.

The Settlement Escrow Account shall be managed by the Escrow Agent for the benefit of Plaintiff and the Class until the Effective Date of the Settlement.

33.     "Settlement Hearing" means the final hearing to be held by the Court to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether all Released Claims should be dismissed with prejudice; (iii) whether the Order and Judgment approving the Settlement should be entered thereon; (iv) whether the allocation of the Gross Settlement Fund should be approved; and (v) whether the application for an award of Attorneys' Fees and Expenses and an Award to Plaintiff should be approved.

34.     "Taxes and Tax Expenses" means: (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for federal or state income tax purposes; and (ii) expenses and costs incurred in connection with the operation and implementation of paragraph C.3 (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in paragraph C.3).

35.     "Unknown Claims" means: (i) any claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase, acquisition or sale of RTI Surgical Holdings Inc. common stock; and (ii) Defendants' Claims that Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or

its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each of the Class Members shall be deemed to have waived and by operation of the Order and Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Order and Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement of which this release is a part.

### B.     THE SETTLEMENT CONSIDERATION

1.     No later than ten (10) business days after the Court grants preliminary approval of the Settlement and Lead Counsel has provided to Defendants' counsel an I.R.S. Form W-9 and payment instructions (*i.e.*, payee and address where check should be sent), Defendants shall send a check or cause a check to be sent for $200,000 of the Settlement Amount, and Lead counsel shall deposit the check into a settlement Notice and Administration Account or an interest-bearing escrow account (the "Administrative Funds"). All costs associated with Class notice and the administration of the settlement shall be advanced from the Administrative Funds, except that Defendants or their insurer shall pay the costs, if any, of providing RTI's transfer records and CAFA notice. If the Settlement does not become final, the entire amount paid or caused to be paid by Defendants or their insurer, plus all accrued interest, less the costs of notice and administration

already incurred, shall promptly be returned to Defendants or whichever of their insurers funded the Settlement Amount. Neither Plaintiff nor Co-Lead Counsel shall have any liability for Notice and Administration Expenses.

2.      No later than ten (10) business days after the Court grants preliminary approval of the Settlement and Lead Counsel has provided to Defendants' counsel an I.R.S. Form W-9 and payment instructions (*i.e.*, payee and address where check should be sent), Defendants shall send a check or cause a check to be sent for the remainder of the Settlement Amount. Lead Counsel shall deposit the check into the Settlement Escrow Account. The Settlement Escrow Account shall, at all times, be considered a qualified settlement fund, such that the Defendants and their insurers shall have no further liabilities, including for any taxes due and owing, under the terms of the Settlement. Except for the Settlement Amount and their own costs and expenses, the Defendants and their insurers shall have no further monetary obligations of any sort or kind to the Plaintiff, the Class or Plaintiff's counsel under the terms and conditions of the Settlement. The Settlement Amount shall be distributed to the Class pursuant to a Court-approved plan of allocation. If the Settlement does not become final, the entire amount paid or caused to be paid by Defendants or their insurers less the notice costs referenced above, plus all accrued interest, shall promptly be returned to Defendants or whichever of their insurers funded the Settlement Amount.

3.      The Gross Settlement Fund, net of any Taxes on the income thereof and any Tax Expenses, shall be used to pay: (i) the Notice and Administration Expenses as authorized by this Stipulation; (ii) Attorneys' Fees and Expenses authorized by the Court; (iii) any Award to Plaintiff authorized by the Court; and (iv) other fees and expenses authorized by the Court. The Net Settlement Fund shall be distributed to the Authorized Claimants in accordance with this Stipulation. Defendants and Released Persons shall have no responsibility, duties or liability with

respect to the allocation of the Gross Settlement Fund between and among Plaintiff, Lead Counsel, any Class Members, or any other Persons.

4.      Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of the Plaintiff and other Class Members until the Effective Date.  Until the date the Order and Judgment is entered, the Settlement Escrow Account and the Notice and Administration Escrow Account shall be jointly supervised by Lead Counsel and Defendants' Counsel.  Upon the Court's entry of the Order and Judgment, Defendants' Counsel shall relinquish all rights to supervision of the Settlement Escrow Account and the Notice and Administration Escrow Account.  All funds held by the Escrow Agent shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court.  Other than amounts disbursed for providing notice to the Class, customary administration costs, Taxes and Tax Expenses, Attorneys' Fees and Expenses and any Award to Plaintiff, the Net Settlement Fund shall not be distributed until the Effective Date.  The Escrow Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon Order of the Court.  The Escrow Agent shall bear all risks related to the holding of the Gross Settlement Fund in the Settlement Escrow Account and the Notice and Administration Escrow Account.

5.      The Escrow Agent shall invest all funds exclusively in accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these accounts as they mature in similar instruments at their then-current

market rates. Interest earned on the money deposited into the Settlement Escrow Account and the Notice and Administration Escrow Account shall be part of the Gross Settlement Fund.

6.     The Notice and Administration Expenses shall be paid from the Gross Settlement Fund. Any monies from the Notice and Administration Fund that remain after administration shall be disbursed to the Settlement Escrow Account. The Notice and Administration Escrow Account may be drawn upon by Lead Counsel for Notice and Administration Expenses without further Court approval. The Notice and Administration Escrow Account shall be administered solely by the Escrow Agent. Any taxes or other expenses incurred in connection with the Notice and Administration Escrow Account shall be paid from the Notice and Administration Escrow Account or from the Gross Settlement Fund. The Released Persons will have no obligation for payment of taxes or other expenses associated with the Notice and Administration Escrow Account. In no event shall Class Members, Plaintiff or Lead Counsel be responsible to pay any amount for Notice and Administration Expenses.

7.     Lead Counsel and Defendants' Counsel shall have access to all records of the Settlement Escrow Account and the Notice and Administration Escrow Account, and upon request made to the Escrow Agent, shall receive copies of all records of disbursements, deposits, and statements of accounts, pursuant to the Escrow Agent agreement.

8.     After the Effective Date, the Released Persons shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund, nor do they have any rights to reversion. The Released Persons shall not be liable for the loss of any portion of the Gross Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees, or any other expenses payable from the Gross Settlement Fund.

### C.     SCOPE AND EFFECT OF SETTLEMENT AND RELEASES

1.     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims as against all Released Persons and any and all Released Defendants' Claims as against the Plaintiff, the Class, and Plaintiff's counsel.

2.     Pursuant to the Order and Judgment, upon the Effective Date of this Settlement, Plaintiff and each of the Class Members on behalf of themselves, their current, former and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any Person they represent, shall, with respect to each and every Released Claim, release, waive and forever relinquish and discharge, and shall forever be enjoined from prosecuting, all Released Claims and any and all claims arising out of, relating to, or in connection with the Settlement, or the resolution of the Action against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim, except with respect to claims to enforce any of the terms of this Stipulation.  Further, all Class Members on behalf of themselves, their current, former and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, expressly covenant not to assert any claim or action against any of the Released Persons that: (i) arises out of or relates to the purchase, acquisition, or sale of RTI Surgical Holdings Inc. Common Stock during the Class Period, or (ii) that could have been alleged, asserted, or contended in any forum by the Class Members or any of them against any of the Released Persons, arising out of or relating to the purchase, acquisition, or sale of RTI Surgical Holdings Inc. Common Stock during the Class Period, and shall forever be enjoined from commencing, instituting, or prosecuting any such claim, so long as such claim relates to the purchase, acquisition or sale of RTI Surgical Holdings Inc. Common Stock (including solicitation thereof).  The Released Persons' liability to Plaintiff and to the Class thus expressly is extinguished

under this settlement. For the avoidance of doubt, nothing in the foregoing provision or any other provision of this Stipulation is intended to, or should be construed or interpreted as, releasing, limiting, or otherwise affecting or impacting any claim by any Party for breach of this Stipulation.

3. Notice provided shall inform all Class Members that their claims against Defendants are wholly released and extinguished as provided in this Section whether or not they submit a Proof of Claim. A Proof of Claim substantially in the form and content contained in Exhibit A-3 to the Preliminary Approval Order attached hereto as Exhibit A will be made available to Class Members.

4. Pursuant to the Order and Judgment, upon the Effective Date of this Settlement, Defendants shall release and forever discharge each and every one of the Released Defendants' Claims, and shall forever be enjoined from prosecuting the Released Defendants' Claims as against the Plaintiff, Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

### D.      ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND

1. The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Lead Counsel, and subject to appeal to, and jurisdiction of, the Court. The Released Persons shall have no liability, obligation, or responsibility for the administration of the Gross Settlement Fund or Net Settlement Fund, or for the distribution of the Net Settlement Fund, including with respect to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Gross Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of

Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Gross Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Gross Settlement Fund, or (vi) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Gross Settlement Fund or the filing of any federal, state, or local returns.

2.      Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.      To the extent not paid from the Notice and Administration Escrow Account, to pay following an order of the Court approving any such payment, the expenses incurred in connection with providing notice to Class Members, administering and distributing the Net Settlement Fund to Class Members, processing Proofs of Claim, processing requests for exclusion, escrow fees and costs, and any applicable taxes;

b.      To the extent not awarded earlier, Attorneys' Fees and Expenses and any Award to Plaintiff;

c.      Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth below.

d.      After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Lead Counsel shall file a motion for distribution of the Net Settlement Fund with the Court (the "Distribution Order") listing each Authorized Claimant, the amount of each claim that Lead Counsel believes should be allocated and distributed to each such Authorized Claimant, accounting for all Notice and Administration Expenses, and requesting Court approval to distribute the Net Settlement Fund to the Authorized Claimants and pay any further Notice and Administration expenses.

3.      Each Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim (in substantially the form set forth in Exhibit A-3 to the Preliminary Approval Order, which *inter alia* confirms the release of all Released Claims against all Released Persons) to the Claims Administrator, signed under penalty of perjury by the beneficial owner(s) of the RTI Surgical Holdings, Inc. Common Stock that are the subject of the Proof of Claim, or by someone with documented authority to sign for the beneficial owner(s) and supported by such documents as specified in the instructions accompanying the Proof of Claim.

4.      All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Lead Counsel in its discretion deems such late filing to be a formal or technical defect and waives the late filing in the interest of achieving substantial justice, or unless by order of the Court a later submitted Proof of Claim by such Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and Order and Judgment, including, without limitation, the release of the Released Claims and dismissal of the Action.  Provided that it is received before the motion for the Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

5. Each Proof of Claim shall be submitted to the Claims Administrator who shall determine, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to appeal to the Court.

6. Proofs of Claim that do not meet the filing requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall attempt to communicate with the Claimant in order to remedy curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall attempt to notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement below.

7. If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within ten (10) days after the date of mailing of the notice required above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

8. The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to all parties, for approval by the Court in the Distribution Order.

9. Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Judgment to be entered in the Action and the releases provided for

in this Stipulation, and will be barred from bringing any action against the Released Persons arising out of or relating to the Released Claims.

10.    All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

11.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Lead Counsel for a Distribution Order only after all of the following have occurred: (i) the Effective Date; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, Award to Plaintiff, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

12.    If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Class Members who have cashed their checks and who would receive at least $20.00 (Twenty Dollars and Zero

Cents) from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to the Northwestern University School of Law's Complex Civil Litigation and Investor Protection Center.

### E. TAX TREATMENT

1. Plaintiff and Defendants agree to treat the Gross Settlement Fund as being at all times a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the taxable years of the Gross Settlement Fund, beginning with the date it is created. In addition, the Escrow Agent and, as required, Plaintiff and Defendants, shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2. For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k). Such returns (as well as the election described in paragraph E.1 hereof) shall be consistent with this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.3 hereof.

3.      All Taxes and Tax Expenses shall be paid out of the Gross Settlement Fund. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything in this Stipulation to the contrary) to withhold from distribution to the Class Members any funds necessary to pay such Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses. Plaintiff and Defendants agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

4.      The Released Persons shall have no liability for or obligations with regard to Taxes and Tax Expenses. The Gross Settlement Fund shall indemnify and hold each of the Released Persons harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

5.      Plaintiff, the Class Members and Lead Counsel shall have no liability for or obligations with regard to Taxes and Tax Expenses. The Gross Settlement Fund shall indemnify and hold each of Plaintiff, the Class Members and Lead Counsel harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

**F.      ALLOCATION OF NET SETTLEMENT FUND**

1.      The Plan of Allocation is based upon Lead Counsel's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Class Members, together with input by consulting experts that analyzed the trading data for RTI Surgical Holdings Inc. Common Stock.

2.      The Released Persons do not take any position as to the proposed Plan of Allocation and shall have no responsibility for or obligations or liabilities of any kind whatsoever in connection with the proposed or finalized Plan of Allocation.

3.      The Released Persons shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation, or payment of claims to Class Members.

4.      The Released Persons shall have no involvement in the solicitation or review of Proofs of Claim, and shall have no involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation and the Order and Judgment to be entered by the Court.  No Claimant or Authorized Claimant shall have any claim against the Released Persons or their counsel based on, or in any way relating to, the distributions from either the Gross Settlement Fund or the Net Settlement Fund.

5.      No Authorized Claimant shall have any claim against Lead Counsel, any consulting experts, or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.      Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity, finality or enforceability of this Settlement.

**G.      OBLIGATIONS OF AND LIMITATIONS OF LIABILITY OF ESCROW AGENT**

1.      The Escrow Agent's obligations shall be limited to maintaining account of and properly paying sums as required by this Stipulation to the limited extent that such sums have been delivered into the Settlement Escrow Account or the Notice and Administration Escrow Account

as required by this Stipulation. The Escrow Agent shall be liable only for acts of fraud, gross negligence, willful misconduct or material violations of the obligations in this Stipulation.

### H. LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

1. Lead Counsel intends to submit an application to the Court on behalf of Plaintiff's Counsel for (i) an award of attorneys' fees; (ii) an award of litigation costs and expenses, plus interest, incurred in connection with the prosecution of the Action; and (iii) an Award to Plaintiff.

2. Any Attorneys' Fees and Expenses awarded by the Court may be paid from the Gross Settlement Fund three (3) business days or later after final approval by the District Court, notwithstanding any appeals. If the withdrawal from an escrow account for fees and expenses occurs before the Settlement becomes final, Lead Counsel shall deliver to Defendants' counsel written undertakings on their firm's respective letterheads and signed by a partner of each firm promising to reimburse the attorneys' fees and expenses within thirty (30) days of the Court or any appellate court entering an order reversing or reducing any award of attorneys' fees or litigation expenses.

3. The Settlement is not conditioned upon any award of attorneys' fees and costs, and any objection to or appeal from such an award shall not affect the finality of the Settlement or the Order and Judgment of dismissal.

### I. THE PRELIMINARY APPROVAL ORDER AND JUDGMENT

1. Promptly after execution of this Stipulation, the Parties shall submit the Stipulation together with its exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order in connection with settlement proceedings substantially in the form annexed hereto as Exhibit A, providing for, among other things, preliminary approval of the Settlement and notice to the Class of the Settlement Hearing. The Preliminary Approval Order (Exhibit A hereto) to be

submitted to the Court shall contain exhibits substantially in the form set forth in: (i) the Notice (Exhibit A-1 to the Preliminary Approval Order); (ii) the Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") (Exhibit A-2 to the Preliminary Approval Order); and (iii) the Proof of Claim (Exhibit A-3 to the Preliminary Approval Order).

2.      The Defendants contend that this Litigation could not be certified as a class action under Federal Rule of Civil Procedure 23(b), other than for settlement purposes. Nothing in this Settlement Agreement shall be construed as an admission by the Defendants that this Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent the Defendants from opposing class certification or seeking decertification of the Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason. The Defendants support certification of the class for settlement purposes only.

3.      The Released Persons are not liable or responsible for the method of, or representations made in, the Notice or the Summary Notice.

4.      The Parties shall seek to have the Court enter an Order and Judgment substantially in the form of Exhibit B hereto at the Final Hearing.

**J.      CONDITIONS OF SETTLEMENT**

1.      The Effective Date of the Settlement shall be the date on which all of the following conditions have been satisfied:

a.      The Court has entered the Preliminary Approval Order (Exhibit A hereto) in all material respects, or such other preliminary approval order that the Parties agree is consistent with this Settlement;

26

       b.     No party has exercised, within the required time period, any right to terminate the Settlement as permitted by paragraph K below;

       c.     The Court has entered the Order and Judgment (Exhibit B hereto) in all material respects, or such other final approval order and judgment as the Parties agree is consistent with this Settlement;

       d.     The Court's Order and Judgment has become "Final," as defined in paragraph A.17; and

       e.     The Settlement Amount has been paid, as set forth in paragraph B above.

2.     Upon the occurrence of all of the events referenced in paragraph I.1 above, Plaintiff shall have, and each and all of the members of the Class shall hereby be deemed to have, and by operation of the Order and Judgment shall have, fully, finally, and forever released, waived, settled, and discharged, in accordance with the terms of paragraph C. above, the Released Persons from and with respect to the Released Claims, whether or not such members of the Class execute and deliver a Proof of Claim.

3.     Upon the occurrence of all of the events referenced in paragraph I.1 above, the obligation of the Escrow Agent to return funds from the Gross Settlement Fund to Defendants pursuant to paragraph I or any other provision of this Stipulation shall be absolutely and forever extinguished.

## K.    RIGHTS OF TERMINATION AND EFFECTS THEREOF

1.     Defendants and Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other counsel for the Settling Parties within thirty (30) days after the date on which any of the following occurs:

a.     the Court declines to enter the Preliminary Approval Order (Exhibit A hereto) in any material respect, or an alternative preliminary approval order that all Parties agree is consistent with the terms of this Settlement;

b.     the Court issues an order declining to approve this Stipulation or any material part of it, except with respect to any decision by the Court concerning the Attorneys' Fees and Expenses and Award to Plaintiff;

c.     the Court declines to enter the Order and Judgment (Exhibit B hereto) in any material respect, or such alternative final approval order and judgment that all Parties agree is consistent with the terms of this Settlement; or

d.     the Order and Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court.

2.     If, prior to the Settlement Hearing, Persons who otherwise would be Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate purchased RTI Surgical Holdings Inc. Common Stock during the Class Period in an amount greater than the amounts specified in a separate Supplemental Agreement between the Parties (the "Supplemental Agreement"), then Defendants, in their sole discretion, shall have the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement ("Opt-out Termination Option"). The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises, but may be examined in camera if so requested or ordered by the Court. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests

for Exclusion, shall be delivered to Defendants' Counsel no later than fourteen (14) days prior to the Settlement Hearing. The required procedure for and consequences of exercising an Opt-out Termination Option are as follows:

       a.    To exercise the Opt-out Termination Option, Defendants must serve written notice, signed by their counsel, upon counsel for the other Settling Parties, not less than seven (7) days before the Settlement Hearing;

       b.    If Defendant exercises the Opt-out Termination Option as provided in this Stipulation, then this Stipulation shall be null and void, and the provisions of this paragraph K shall apply.

3.    If Defendants (or their insurers) do not pay or cause to be paid the Settlement Amount within the time period specified in paragraph B of this Stipulation, then Lead Counsel, in their sole discretion, may elect, at any time prior to the Court entering the Order and Judgment: (i) to terminate the Settlement by providing written notice to counsel for the Settling Parties; or (ii) to enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms in this Stipulation.

4.    Upon termination of the Stipulation, pursuant to the terms hereof, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for notice to the Class pursuant to the terms of the Stipulation, to Defendants or their insurers within ten (10) business days thereafter (the "Returned Settlement Amount"). Under no circumstances shall Lead Counsel be liable for any monies dispersed from the Notice and Administration Escrow Account, or any other Notice and Administration Expenses.

5.    If this Stipulation is terminated pursuant to its terms, and at the request of Defendants or Plaintiff, then the Escrow Agent or the Escrow Agent's designee shall apply for any

tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Defendant.

6.     If this Stipulation is terminated pursuant to its terms, all of the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of this Stipulation and the Parties shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action, except that the provisions of paragraphs A., E.1-3, G., H.2, K.4-6, L.10-16, L.18, and L.21 shall survive termination.

7.     No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation, the amount of any attorneys' fees, costs, and expenses awarded, or any Award to Plaintiff by the Court shall constitute grounds for termination of the Stipulation.

## L.     MISCELLANEOUS PROVISIONS

1.     The Parties: (i) acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation; (ii) agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Stipulation; and (iii) agree to exercise their best efforts and to act in good faith to accomplish the foregoing terms and conditions of the Stipulation.

2.     No Admission:  This Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

a.     Offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party, of the truth of any fact alleged by Plaintiffs or defense asserted by the Defendants of the validity of any Claim

that has been or could have been asserted in this Litigation, or the deficiency of any defense that has been or could have been asserted in this Litigation, or of any liability, negligence, fault, or wrongdoing on the part of Plaintiffs or the Defendants;

b.      Offered or received by or against Plaintiffs or the Defendants as a presumption, concession, admission, or evidence of any violation of any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by the Defendants, or of the truth of any of the claims made in this Litigation, and evidence thereof shall not be directly or indirectly admissible in any way (whether in this Litigation or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and the Final Order and Judgment including, without limitation, asserting as a defense the Release and waivers provided herein;

c.      Offered or received by or against Plaintiffs or the Defendants as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against the Defendants, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, the Plaintiffs or the Defendants may refer to it to enforce their rights hereunder; or

d.      Construed as an admission or concession by Plaintiffs, the Settlement Class, or the Defendants that the consideration to be given hereunder represents the consideration that could or would have been obtained through trial in this Litigation.

3.      By executing this Stipulation, each Party represents, warrants, and agrees as follows:

a.      that they have carefully read and fully understand this Stipulation and its final and binding effect;

b.      that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without requiring additional consent, approval, or authorization of any other person, board, entity, tribunal, or other regulatory or governmental authority;

c.      that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation does not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party is bound or affected;

d.      that there is no demand for monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative, or arbitration proceeding for monetary, nonmonetary, or injunctive relief known or suspected to exist against them that would affect this Stipulation or their ability to enter into, execute or perform each and every obligation in this Stipulation;

e.      that no representations, warranties, inducements or promises of any kind or character have been made by any other Party, Released Person, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation, and that this Stipulation constitutes the entire agreement between the Settling Parties;

f.      that this Stipulation is fair and is executed voluntarily, with full knowledge of the consequences and implications of the obligations contained in this Stipulation;

g.      that this Stipulation is not the result of any fraud, duress, or undue influence, and that they have not assigned, transferred, or conveyed, or purported to assign, transfer, or

convey, voluntarily, involuntarily or by operation of law, any or all of their respective rights and claims or any security interest with respect to any of their respective rights and claims;

h.      that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation; and

i.      that they have been afforded sufficient time and opportunity to review this Stipulation with advisors and counsel of their choice.

4.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth in this Stipulation.

5.      No amendment or modification of this Stipulation shall be effective unless in writing and signed by, or on behalf of, the Parties or their successors-in-interest.

6.      Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, unless otherwise specified, notice shall be provided by email and/or next-day (excluding Saturday and Sunday) express delivery service as follows, and shall be deemed effective upon delivery to the indicated electronic or physical address, as the case may be, below:

If to the Class:

| | |
|---|---|
| Louis C. Ludwig, Esq. | Velvel Freedman, Esq. |
| POMERANTZ LLP | ROCHE FREEDMAN LLP |
| Ten South La Salle Street | 1 SE 3rd Ave. |
| Suite 3500 | Suite 1250 |
| Chicago, Illinois 60603 | Miami, Florida 33131 |

If to the Defendants:

| | |
|---|---|
| Stephen P. Warren, Esq. | Stephen J. Crimmins, Esq. |
| HOLLAND & KNIGHT LLP | MURPHY & MCGONIGLE, P.C. |
| 701 Brickell Avenue | 1185 Avenue of the Americas |
| Suite 3300 | 21st Floor |
| Miami, Florida 33131 | New York, NY 10036 |
| | |
| Deborah Meshulam, Esq. | Russell Koonin, Esq. |
| DLA PIPER LLP (US) | HOMER BONNER JACOBS ORTIZ, P.A. |

500 8th Street NW
Washington DC 20004

1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131

7.    Except as otherwise provided herein, each Party shall bear its own costs.  Lead Counsels' Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Gross Settlement Fund, and the Released Persons shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

8.    Lead Counsel, on behalf of the Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and is also expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class.

9.    The persons signing this Stipulation represent that they are authorized to do so on behalf of their respective clients.

10.    This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts. Signatures may be electronic. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

11.    This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Parties. No assignment shall relieve any party hereto of any obligations hereunder.

12.    All terms of this Stipulation and all exhibits hereto shall be governed and interpreted according to the laws of the State of Illinois without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs, and in accordance with the laws of the United States.

13.     Plaintiff, on behalf of themselves and each member of the Class, and Defendants hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Lead Counsel, any Award to Plaintiff, and enforcing the terms of this Stipulation.

14.     Because of the arm's-length negotiations that preceded the execution of this Stipulation, all Parties have contributed substantially and materially to the preparation of this Stipulation.  This Stipulation shall not be construed against any Party on the basis that such party was the primary drafter of this Stipulation, or if so construed, this Stipulation shall be construed as if all Parties participated equally in such drafting.

15.     Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by Released Persons of any liability or wrongdoing whatsoever. This Stipulation shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by any of the Released Persons. This Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against any party in any action or proceeding of any nature, or otherwise referred to or used in any manner in or before any court or other tribunal, except in such proceeding as may be necessary to enforce this Stipulation.

16.    The Parties intend the Settlement to be a final and complete resolution of all claims and disputes asserted or that could be asserted by the Class Members against the Released Persons with respect to the Released Claims. Accordingly, unless the Court's Order and Judgment approving the Settlement does not become Final, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendants in bad faith or without a reasonable basis. Additionally, the Parties shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

17.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

18.    The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

19.    The waiver by one Released Person of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by any other Released Person or of any other breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected Party or counsel for that Party. No failure or delay on the part of any Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Party operate as a waiver thereof or of any other right, remedy, power, or

privilege of such Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

20.     The Parties agree that nothing contained in this Stipulation shall cause any Party to be the agent or legal representative of another Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Parties, nor is any Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Party, nor shall any Party be in any way liable for any debt of another Settling Party as a result of this Stipulation except as explicitly set forth in this Stipulation.

21.     The Parties agree that this Settlement is not contingent on any of the Parties settling with any other party in the Action or in any other litigation.

IN WITNESS WHEREOF, the Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed, by their duly authorized attorneys.

Dated:  August 31, 2021

**For Plaintiff Patricia Lowry:**

By**:** */s/ Louis C. Ludwig*
Louis C. Ludwig
Pomerantz LLP
10 South LaSalle St., Ste, 3505
Chicago, IL 60603
312.377.1181
lcludwig@pomlaw.com

*Local Counsel for Patricia Lowry*

Phillip Kim
Laurence M. Rosen
The Rosen Law Firm, P.A.
275 Madison Ave., 40th Floor
New York, NY 10016
212.686.1060
pkim@rosenlegal.com
lrosen@rosenlegal.com

**For Defendants RTI Surgical Holdings, Inc., Camille I. Farhat, and Jonathon M. Singer:**

By: */s/ Louise McAlpin*
Martin G. Durkin
Holland & Knight LLP
150 North Riverside Plaza, Ste. 2700
Chicago, IL 60606
312.578.6574
Martin.durkin@hklaw.com

Stephen P. Warren
Louise McAlpin
Allison Kernisky
Holland & Knight LLP
701 Brickell Ave., Ste. 3300
Miami, FL 33131
305.374.8500
Stephen.warren@hklaw.com
Louise.mcalpin@hklaw.com

Allison.kernisky@hklaw.com

**For Defendant Robert R. Jordheim:**

By: */s/ Deborah Meshulam*
Yan Grinblat
DLA Piper LLP (US)
444 West Lake Street, Suite 900
Chicago, IL 60606-0089
312.368.2183
yan.grinblat@us.dlapiper.com

Deborah Meshulam
DLA Piper LLP (US)
500 8th Street NW
Washington DC 20004
202.799.4511
deborah.meshulam@us.dlapiper.com

Keara M. Gordon
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
212.335.4632
keara.gordon@us.dlapiper.com

**For Lead Plaintiff Rosy Yeretsian:**

By: */s/ Patrick V. Dahlstrom*
Patrick V. Dahlstrom
Louis C. Ludwig
Pomerantz LLP
10 South LaSalle St., Ste, 3505
Chicago, IL 60603
312.377.1181
pdahlmstrom@pomlaw.com
lcludwig@pomlaw.com

By: */s/ Vel (Devin) Freedman*
Velvel (Devin) Freedman
Kyle W. Roche
Ivy T. Ngo
Constantine P. Economides
Roche Freedman LLP
200 South Biscayne Blvd, Ste. 5500
Miami, FL 33131
305.851.5997
vfreedman@rcfllp.com
kyle@rcfllp.com
ingo@rcfllp.com
ceconomides@rcfllp.com

Brian Schall
The Schall Law Firm
1880 Century Park East, Ste. 404
Los Angeles, CA 90067
424.303.1964
brian@schallfirm.com

**For Defendant Brian K. Hutchison:**

By: */s/ James K. Goldfarb*
James K. Goldfarb
Stephen J. Crimmins
Murphy & McGonigle, P.C.
1185 Avenue of the Americas
21st Floor
New York, NY 10036
212.880.3999
jgoldfarb@mmlawus.com

**For Defendant Johannes W. Louw**

By: */s/ Russell Koonin*
Russell Koonin
Adam Schwartz
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
305.350.5100
rkoonin@homerbonner.com
aschwartz@homerbonner.com

scrimmins@mmlawus.com

Vivek Jayaram
Elizabeth Austermuehle
Jayaram Law, Inc.
125 S. Clark Street, Suite 1175
Chicago, Illinois 60603
312 212 8676
vivek@jayaramlaw.com
liz@jayaramlaw.com