# Exhibit A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

-------------------------------------------------------X
**PATRICIA LOWRY, individually and on behalf of all others similarly situated,**

                      **Plaintiff,**

      -against-                                  Civil Action No. 20 C 01939 (MFK)

**RTI SURGICAL HOLDINGS, INC., CAMILLE I. FARHAT, BRIAN K. HUTCHISON, JONATHON M. SINGER, ROBERT P. JORDHEIM, and JOHANNES W. LOUW,**                      **CLASS ACTION**

                      **Defendants.**

-------------------------------------------------------X

## PRELIMINARY APPROVAL ORDER

WHEREAS, the Parties to the above-entitled action entered into a Stipulation of Settlement dated August 31, 2021 (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the claims alleged in the Action; and the Court having read and considered the Stipulation and the accompanying documents, including the Motion for Preliminary Approval of Class Action Settlement; and the Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. The Court preliminarily finds that:

    (a) the Settlement resulted from informed, extensive arm's length negotiations,

including a multi-day mediation session before an experienced mediator;

(b) the Settlement is sufficiently fair, reasonable, and adequate, and there is sufficient likelihood that the Court will be able to approve the Settlement pursuant to Rule 23(e)(2) to warrant providing notice of the Settlement to the Class;

(c) Lead Plaintiff has made a sufficient showing in her moving papers, and Defendants do not contest, that each of the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure is satisfied solely for purposes of this Settlement. The Court therefore certifies the following Class for the purpose of this Settlement: All persons and entities that purchased or otherwise acquired shares of RTI Surgical Holdings, Inc. common stock during the period from March 7, 2016 through March 27, 2020, both dates inclusive and were damaged thereby. Excluded from the Class are Defendants, the officers and directors of RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings, Inc.), at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entities in which any of the above have or had a controlling interest;

(d) Lead Plaintiff Rosy Yeretsian is adequate to serve as and is hereby appointed Class Representative for the Class; and

(e) Roche Freedman LLP and Pomerantz LLP are adequate to serve as and are hereby appointed Co-Lead Class Counsel for the Class ("Lead Counsel").

2. A hearing (the "Final Approval Hearing") is hereby scheduled to be held before the Court on _____ \_\_\_\_, 2021, to determine:[1]

---

[1] At the Court's discretion, the Final Approval Hearing may be telephonic or by video, in which case call-in or video details will be displayed by the Claims Administrator at its website: www._____.com.

(a) whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

(b) whether the Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and whether the release of the Released Persons as set forth in the Stipulation should be ordered;

(c) whether the Court should permanently enjoin and bar the assertion of any Released Claims;

(d) whether the proposed Plan of Allocation should be approved

(e) whether the Fee and Expense Application submitted by Lead Counsel should be approved;

(f) whether the Award to Plaintiff should be approved; and,

(g) such other matters as the Court may deem necessary or appropriate.

3. The Court reserves the right to approve the Settlement with or without modification, with or without further notice to the Class, and may adjourn the Final Approval Hearing without further notice to the Class. The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses or an Award to Plaintiff.

4. The Court approves the form, substance and requirements of the Notice of Pendency and Settlement of Class Action (the "Notice"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and the Proof of Claim and Release form (the "Proof of Claim") annexed hereto as Exhibits A-1, A-2 and A-3, respectively.

5. The Court approves the appointment of _____ as the Claims Administrator.

(a) The Claims Administrator shall cause the Notice and the Proof of Claim,

substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, within fourteen (14) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort. Within five (5) calendar days of this Order, RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings, Inc.), at its expense, shall promptly make, or cause to be made, the last known addresses of Class Members, or other identifying information, as set forth in the books and records regularly maintained by RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings, Inc.), or its transfer agent, available to the Claims Administrator for the purpose of identifying and giving notice to the Class.

(b) The Summary Notice shall be published in a national business internet newswire, substantially in the form annexed hereto, within ten (10) calendar days after the mailing of the Notice.

6. Lead Counsel shall, at least fourteen (14) calendar days before the Final Approval Hearing, file with the Court and serve on the settling Parties proof of mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice.

7. The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Federal Rule of Civil Procedure 23, due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7). They constitute the best notice practicable under the circumstances and provide due and sufficient notice to all persons and entities entitled thereto.

8. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim postmarked on or before _____, 2021, substantially in a form contained in Exhibit A-3 attached hereto and as approved by the Court, signed under penalty of perjury.

(b) Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but Lead Counsel shall incur no liability for declining to accept a late-submitted claim.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

9. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall, no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing, mail a request for exclusion in written form by first-class mail postmarked to the address designated in the Notice. Such request for exclusion shall: (i) indicate the name, address and telephone number of the person seeking exclusion, (ii) indicate that the person requests to be

excluded from the Settlement, (iii) indicate the number of shares of RTI Surgical Holdings, Inc. common stock purchased and sold, as well as the dates of such purchases and sales, and (iv) be signed by the person requesting exclusion. The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

10. The Court will consider any objections to the Settlement, the proposed Plan of Allocation, the award of attorneys' fees and expenses, and/or an Award to Plaintiff. To the extent any person objects to the Settlement, an objection and any supporting papers, accompanied by proof of Class membership (*i.e.*, confirmations of all purchases and sales of RTI Holdings Inc. common stock), shall be filed with the Clerk of the Court, Northern District of Illinois, Evert McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, and served upon Lead Counsel and Defendants' Counsel no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing. Copies of objections and supporting documents shall be served upon:

Counsel for the Class:

| | |
|---|---|
| Louis C. Ludwig, Esq.<br>POMERANTZ LLP<br>10 South La Salle Street<br>Suite 3505<br>Chicago, Illinois 60603 | Velvel Freedman, Esq.<br>ROCHE FREEDMAN LLP<br>1 SE Third Avenue<br>Suite 1250<br>Miami, Florida 33131 |

Counsel for the Defendants:

| | |
|---|---|
| Stephen P. Warren, Esq.<br>HOLLAND & KNIGHT LLP<br>701 Brickell Avenue<br>Suite 3300<br>Miami, Florida 33131 | Stephen J. Crimmins, Esq.<br>MURPHY & MCGONIGLE, P.C.<br>1185 Avenue of the Americas<br>21st Floor<br>New York, NY 10036 |
| Deborah Meshulam, Esq.<br>DLA PIPER LLP (US) | Russell Koonin, Esq.<br>HOMER BONNER JACOBS ORTIZ, P.A. |

| | |
|---|---|
| 500 8th Street NW | 1200 Four Seasons Tower |
| Washington DC 20004 | 1441 Brickell Avenue |
| | Miami Florida 33131 |

Persons who intend to object to the Settlement, the proposed Plan of Allocation, the request for an award of attorneys' fees and expenses and/or an Award to Plaintiff, and desire to present evidence at the Final Approval Hearing, must include in their written objections copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing. As required by Federal Rule of Civil Procedure 23(e)(5)(A), any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection. If an objector hires an attorney to represent them, for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than fourteen (14) calendar days prior to the Final Approval Hearing. A Class Member who files a written objection does not have to appear at the Final Approval Hearing for the Court to consider their objection. Any Class Member who does not make their objection in the manner provided shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the Settlement set forth in the Stipulation, to the proposed Plan of Allocation, the award of attorneys' fees and expenses to Plaintiff's Counsel and/or an Award to Lead Plaintiff.

11. All papers in support of the Settlement, the proposed Plan of Allocation, and any application by Lead Counsel for attorneys' fees, expenses and an Award to Plaintiff shall be filed thirty (30) calendar days prior to the Final Approval Hearing. All reply papers shall be filed and served at least seven (7) calendar days prior to the Final Approval Hearing.

12. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

13. Defendants' Counsel and Lead Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

14. Pending final determination of whether the Settlement should be approved, Lead Plaintiff, Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal asserting any of the Released Claims against any of the Released Persons for claims related to this Action.

15. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed, or due and owing from the Gross Settlement Fund for the notice and administration of the Settlement as provided for in the Stipulation.

16. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Plaintiff or Defendants elect to terminate the Settlement, the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity for any purpose, and each party shall be restored to his, her or its respective position as it existed on July 26, 2021.

17. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

**SO ORDERED**.

Dated: _____, 2021

                                                                                                           _____
Honorable Matthew F. Kennelly
United States District Judge
Northern District of Illinois