# Exhibit A-3

### PROOF OF CLAIM AND RELEASE FORM

**A.     GENERAL INSTRUCTIONS & INFORMATION**

1.     You are urged to read carefully the accompanying Notice of Pendency and Settlement of Class Action (the "Notice").  All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

2.     To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.     **You must mail your completed and signed Proof of Claim postmarked on or before _____, 2021, addressed to the Claims Administrator at:**

4.     If you are a Class Member and you do not timely request exclusion, you will be bound by the terms of any Judgment entered in the Action.

5.     If you are **not** a Class Member, **do not** submit a Proof of Claim.

6.     **If you need assistance filling out this Proof of Claim, please contact the Claims Administrator.**

**B.     INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM**

> **Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the proposed Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.     In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased RTI Surgical Holdings, Inc. ("RTI") common stock between March 7, 2016 and March 27, 2020, both dates inclusive (the "Class Period"), and otherwise be a Class Member as defined in the Notice.

2.     The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation.  You may be requested to provide further information.

3.     All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of RTI common stock.  (As outlined in the Notice, brokerage firms, banks and other nominees are requested to transmit copies of the Notice to their present or former customers who were such beneficial owners. *See* Notice, Section VIII.)  If RTI common stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.     Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5. You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc. Joint tenants, co-owners or UGMA custodians should file a single claim. Claimants who file one or more claims (*e.g.*, one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at info@\_\_\_\_\_.com. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@_____.com to inquire about your file and confirm it was received and acceptable.

7. There will be no Recognized Loss attributed to any RTI securities other than common stock.

8. The date of purchase and/or sale of shares of RTI common stock is the "trade" date and not the "settlement" date.

9. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10. The date of covering a "short sale" is deemed to be the date of purchase of RTI common stock; and the date of a "short sale" is deemed to be the date of sale of RTI common stock. Shares originally sold short will have a Recognized Loss of zero.

11. Exercise of option contracts or the conversion of preferred stock into common stock will be considered to be purchases or sales of common stock as of the date of the exercise or conversion. Option premiums and the conversion price for preferred stock will be incorporated into the purchase/sale price of the common stock accordingly.

12. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

13. No cash payment will be made on a claim where the potential distribution is less than $20.00.

14. You must attach to your Proof of Claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in RTI common stock in order for your claim to be valid. Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

If you have any questions or need additional Proofs of Claim, contact the Claims Administrator via the information set forth in Section A. You may make photocopies of this form.

*Lowry v. RTI Surgical Holdings, Inc., et. al.*

## PROOF OF CLAIM

**Must be received by the Claims Administrator postmarked no later than _____, 2021.**

**C. CLAIMANT IDENTIFICATION**

*Please Type or Print*

_____
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Street Address

_____      _____      _____
City                                State                  Zip Code

_____      _____
Foreign Province                        Foreign Country

_____  or  _____
Last Four Digits of Social Security Number   Last Four Digits of Taxpayer Identification Number

Specify one of the following:

Individual(s) _____    Corporation _____    IRA _____    UGMA Custodian _____

Partnership _____    Estate _____    Trust _____    Other: _____

_____    _____(Day)    _____    _____(Evening)
Area Code    Telephone Number              Area Code    Telephone Number

_____      _____
Facsimile Number                         E-Mail Address

_____
Record Owner's Name and Address *(if different from beneficial owner listed above)*

**D. SCHEDULE OF TRANSACTIONS IN RTI COMMON STOCK**

1. State the total number RTI common stock held as of close of trading on March 6, 2016. If none, write "zero" or "0." _____

2. Separately list each and every **purchase** of RTI common stock between March 7, 2016 **through** June 25, 2020, inclusive, and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Purchased | Purchase / Acquisition Price Per Share | Total Amount of Purchase (excluding commissions, taxes and other fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

3. Separately list each and every **sale** of RTI common stock between March 7, 2016 through June 25, 2020, inclusive, and provide the following information *(must be documented)*:

| Trade Date (list chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Amount of Sale (excluding commissions, taxes and other fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

4. State the **total number** of RTI common stock owned at the close of trading on June 25, 2020, long or short *(if none, enter "0"; if other than zero, must be documented)*: _____

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and last four digits of your Social Security or Taxpayer Identification Number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION BELOW.**

E. **SUBMISSION TO JURISDICTION OF THE COURT**

By submitting this Proof of Claim and Release form, I/we, and every Class Member I/we represent, submit to the jurisdiction of the United States District Court for the Northern District of Illinois for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement. I/we further agree to be bound by the orders of the Court, agree that this Proof of Claim form, my/our status or the status of the Class Member(s) I/we represent as a Claimant and the allowable amount of this

claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

F. **RELEASE**

By signing this Proof of Claim and Release form, and in consideration of the establishment of the Net Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other person claiming (now or in the future) to have acted through or on behalf of them, hereby release and forever discharge all of the "Released Claims," including "Unknown Claims," against each of the "Released Persons."

"Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and unknown claims, from the beginning of time until the date on which the Court enters final approval of the Settlement, the Action is dismissed, and all appeals, if any, have been exhausted and which have been or could have been asserted in any forum by Plaintiff or the Class, or any of them, or the successors or assigns of any other them, whether directly, indirectly, representatively or in any other capacity against any of the Released Persons, which arise out of, or related in any way, directly or indirectly, to the allegations, transactions, facts, events matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitations, claims for statutory or common law fraud, negligence, gross negligence, or breach of fiduciary duty, provided, however, that the claims to be released shall not include any release of the derivative claims asserted in *In re RTI Surgical Derivative Litigation*, Civil Action No. 20 C 03347 (MFK), pending in the U.S. District Court for the Northern District of Illinois. Expressly excluded from the definition of Released Claims are: (i) all claims of any Person who submits a request for exclusion from the Settlement, to the extent that the Court grants any such request; and (ii) all claims to enforce the terms of the Settlement.

"Released Persons" means RTI Holdings, Inc., Surgalign Holdings, Inc. and their past or present subsidiaries, parents, affiliates, successors and predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, agents, auditors, accountants, and any firm, trust, corporation or other entity in which it has a controlling interest; and Camille I. Farhat, Brian K. Hutchison, Jonathon M. Singer, Robert P. Jordheim and Johannes W. Louw, their legal representatives, heirs, successors in interest or assigns, or any person, firm, trust, corporation or other entity in which Camille I. Farhat, Brian K. Hutchison, Jonathon M. Singer, Robert P. Jordheim and Johannes W. Louw has a controlling interest.

"Unknown Claims" means: (i) any claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase, acquisition or sale of RTI Surgical Holdings, Inc. common stock; and (ii) Defendants' Claims that Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each of the Class Members shall be deemed to have waived and by operation of the Order and Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Order and Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement of which this release is a part.

G. **REPRESENTATIONS**

I/we acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/we hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Stipulation of Settlement) with respect to any of the claims asserted in the Action, member of a Defendant's family or their legal representative, heir, successor or assign, an entity in which any Defendant (or a combination of defendants) have or had a controlling interest, or a person or entity who has requested exclusion from the Class.

I/we hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release form.

H. **CERTIFICATION**

I/we certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.)**

I/we declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this \_\_\_\_ day of _____, 2021 in _____ (City) (State/Country).

_____

Signature of Claimant

_____

(Print your name here)

_____

Signature of Joint Claimant, if any

_____

(Print your name here)

_____

Signature of person signing on behalf of Claimant

_____

(Print your name here)

_____

Capacity of person signing on behalf of Claimant, if other than an individual (*e.g.*, Executor, President, Custodian, etc.)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Remember to sign the above Release and Certification.

2. Remember to attach only **copies** of acceptable supporting documentation. Failure to provide all the acceptable documentation and transactions requested may result in the rejection of your claim in part or in full.

3. Do not send originals of securities certificates.

4. Keep copies of the completed claim form and documentation for your own records.

5. The Claims Administrator will acknowledge the receipt of your Proof of Claim postcard within 60 days of receipt. If you do not receive such acknowledgement within 60 days, please contact the Claims Administrator. Your claim is not deemed filed unless a postcard is received.

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at: *Lowry v. RTI Surgical Holdings, Inc.,* Claims Administrator, www._____.com