## Exhibit B

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

-------------------------------------------------------X
**PATRICIA LOWRY, individually and on behalf of all others similarly situated,**

                **Plaintiff,**

    -against-                                  Civil Action No. 20 C 01939 (MFK)

**RTI SURGICAL HOLDINGS, INC.,**            **CLASS ACTION**
**CAMILLE I. FARHAT, BRIAN K.**
**HUTCHISON, JONATHON M. SINGER,**
**ROBERT P. JORDHEIM, and JOHANNES**
**W. LOUW,**

                **Defendants.**

-------------------------------------------------------X

### ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on _____, 2021, pursuant to the Preliminary Approval Order entered_____, 2021, on the application of the Parties for final approval of the Settlement as set forth in the Stipulation of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

    1.    This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them as set forth in the Stipulation.

    2.    The Court has jurisdiction over the subject matter of the action and over all parties

to the Action, including all Class members.

3. On_____ 2021, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement. In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Lead Counsel on behalf of the Plaintiff and the Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4. In the Preliminary Approval Order, the Court found that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) were satisfied, warranting conditional certification of the Class. The Court finds that such requirements continue to be satisfied and that the Class defined in the Preliminary Approval Order shall remain certified, consisting of:

> All individuals and entities who purchased or otherwise acquired RTI Surgical Holdings, Inc. common stock from March 7, 2016 through March 27, 2020, both dates inclusive and were damaged thereby.

5. Excluded from the Class are Defendants, the officers and directors of RTI Surgical Holdings, Inc. at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above have or had a controlling interest.

6. In the Preliminary Approval Order, the Court preliminarily approved the Notice and the Summary Notice and found that their proposed form, content and plan of dissemination to Class members satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7). The Court reaffirms that finding and holds that the best practicable notice was given to Class members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing. Furthermore, the

Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

7. The Court has determined that the Settlement is fair, reasonable, and adequate and is hereby finally approved in all respects. In making this determination, the Court has considered factors with respect to fairness, which include, *inter alia*, the complexity, expense and likely duration of the litigation; the reaction of the class to the settlement; the risks of establishing liability; the risks of establishing damages; the risk of maintaining the class action through the trial; the risks of collection; and the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks. The Court has considered the submissions of the Parties along with the record in this Action, all of which show that the proposed Settlement is fair, reasonable and adequate.

8. The Court has also considered each of the factors identified in Federal Rule of Civil Procedure 23(e)(2), and finds that those factors likewise demonstrate that the proposed Settlement is fair, reasonable and adequate.

9. The Settlement provides that Defendants will cause $10,500,000 in cash to be paid into a Settlement Fund for the benefit of the Class. Among other things, the recovery of an individual Class member depends on the number of RTI shares that the Class member purchased and sold, and the prices at which other Class members who filed claims purchased and sold those shares.

10. The Court has considered, separately from its consideration of the fairness, reasonableness and adequacy of the Settlement reflected in the Stipulation as a whole, the Plan of Allocation proposed by Lead Counsel. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is therefore finally approved in all respects.

11. The Court notes that there were _____ objections filed to the Settlement from Class members.

12. In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.

13. This Order and Judgment shall be binding on all Class members, including Plaintiff, except for those who filed valid exclusions as listed on Exhibit A hereto. Further, the Action is hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

14. Upon the Effective Date, Plaintiff, each Class member, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims against the Released Persons, whether or not any individual Class member executes and delivers the Proof of Claim and Release form.

15. Upon the Effective Date, Plaintiff, each Class member and anyone claiming through or on behalf of any of them, by operation of the Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind asserting any of Plaintiff's claims against any of the Released Persons.

16. Upon the Effective Date, Defendants and anyone claiming through or on behalf of any of them, shall hereby be deemed to have, and by operation of this Order shall be, released

and permanently barred and enjoined from instituting, commencing, or prosecuting any claim against Plaintiff, Class members or Lead Counsel related to this Action or the prosecution thereof.

17. The Court finds and concludes that throughout this Action, the Defendants, Plaintiff, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that Plaintiff and Lead Counsel adequately represented Class members for purposes of entering into and implementing the Settlement.

18. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Lead Counsel attorneys' fees of $_____, plus reimbursement of their expenses in the amount of $_____, together with the interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the time and labor expended by counsel, the complexity of the litigation, the risk of the litigation, the quality of representation, the fee requested in relation to the recovery under the settlement, and public policy.

19. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards the Plaintiff a reimbursement award pursuant to §78u-4(a)(4) of the PSLRA of $_____.

20. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement.

21. There is no just reason for delay in the entry of this Order and Judgment, and immediate entry thereof by the Clerk of the Court is expressly directed.

**SO ORDERED**.

Dated: _____            _____
                                                                                                                    Honorable Matthew F. Kennelly
                                                                                                                      United States District Judge