**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICIA LOWRY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No.: 20 C 01939 |
| RTI SURGICAL HOLDINGS, INC., CAMILLE I. FARHAT, BRIAN K. HUTCHISON, JONATHON M. SINGER, ROBERT P. JORDHEIM, and JOHANNES W. LOUW, | ) ) ) ) ) ) ) | Honorable Matthew F. Kennelly |
| Defendants. | ) ) ) | |

**CLASS PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Lead Plaintiff Rosy Yeretsian ("Class Plaintiff"), respectfully submits this memorandum of law in support of her Motion for Preliminary Approval of Settlement.

**I.     INTRODUCTION**

Class Plaintiff seeks preliminary approval of a proposed settlement that provides for a cash payment of $10,500,000.00 for the benefit of the Class.[1] The proposed settlement is embodied in the Stipulation of Settlement dated August 31, 2021 (the "Stipulation"), filed contemporaneously herewith as Exhibit 1 to the Preliminary Approval Motion66666666666666666, and is the result of extensive arms' length negotiation between highly experienced counsel, including multiple mediation sessions before experienced mediator Michelle Yoshida.

Class Plaintiff respectfully submits that the proposed settlement is fair, reasonable, and

---

[1] All capitalized terms that are not defined specifically in this memorandum have the same meanings as set forth in the Stipulation of Settlement. Unless otherwise noted, all internal citations, quotations, and footnotes omitted.

1

adequate, and therefore asks the Court to enter the accompanying [Proposed] Order Preliminarily Approving Settlement and Providing for Notice (the "Notice Order"). The Notice Order will: (1) preliminarily approve the settlement as set forth in the Stipulation; (2) approve the form and method for providing notice of the settlement to the Class; and (3) schedule a final approval hearing where the Court will consider the request for final approval of: (a) the settlement set forth in the stipulation; (b) the Plan of Allocation of settlement proceeds among Class Members; (c) Class Counsel's application for an award of attorneys' fees and expenses; and (d) Class Plaintiff's application for a reimbursement award.

## II.     SUMMARY OF THE LITIGATION

This Action was initially filed in March 2020 by RTI shareholder Patricia Lowry, who asserted claims under the Exchange Act against RTI and certain of its current and former officers and directors. *See* ECF No. 1. Lowry contended that RTI's internal controls over financial reporting were deficient, and that certain financial reports filed by RTI contained materially inaccurate information. *Id*. On May 26, 2020, Plaintiff filed her motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to be appointed Lead Plaintiff on behalf of the Class, and approve her selection of Pomerantz LLP and Roche Freedman LLP as Co-Lead Counsel for the Class. *See* ECF No. 26. On June 30, 2020, Plaintiff's motion for appointment as Lead Plaintiff and approval of Co-Lead Counsel was granted. *See* ECF No. 37.

On April 9, 2020, the Company filed a current report on a Form 8-K with the SEC announcing that the internal audit investigation remained ongoing and that investors should no longer rely on prior financial reports and reports concerning the internal controls over financial reporting for the fiscal years ended December 31, 2014, 2015, 2016, 2017 and 2018, and RTI's unaudited financial statements for the quarterly periods for 2016-2018, and the nine months ended

September 30, 2019. ¶¶ 13, 229.[2] RTI further announced its impending plans to restate its previously released financial statements.

On August 31, 2020, and after a robust investigation lead by lead counsel, Plaintiff amended her complaint. . ECF No. 53.On October 15, 2021, Defendants filed four separate briefs in support of their respective motions to dismiss totaling over 70 pages. *See* ECF No. 58.

On December 4, 2020, Plaintiff filed a 55-page combined opposition to Defendants' various motions to dismiss. *See* ECF No. 69. On January 4, 2021, Defendants filed four reply briefs. *See* ECF Nos 70-73.

On April 1, 2021, this Court denied ***all*** of Defendants' motions to dismiss in their entirety. *See* MTD Order. This Court further "directed [Defendants] to answer the amended complaint by no later than April 29, 2021" and instructed the parties to "submit a joint status report containing an agreed or separate proposals by no later than April 22, 2021." *Id.* During discussions concerning the substance of the joint status report, the parties agreed that early settlement talks could be in the best interests of all parties, and informed the Court the parties desired an early mediation. *See* ECF No. 81. Nonetheless, the parties agreed they would not completely stay the action pending mediation. Instead, the parties exchanged initial disclosures under Federal Rule of Civil Procedure ("Rule") 26(a), sought a confidentiality order to govern documents produced in discovery, and agreed on an initial electronically-stored information ("ESI") protocol. *Id.*

On April 29, 2021, Defendants filed four separate answers to the Complaint. *See* ECF Nos. 82-85. On May 19, 2021, the parties exchanged Rule 26(a) disclosures. Subsequently, the parties submitted a joint agreed confidentiality order, informing that the Court they had reached a

---

[2] Citations to "¶" refer to Plaintiff's Complaint.

preliminary agreement on ESI. On June 4, 2021, this Court entered the parties' agreed confidentiality order. *See* ECF No. 88.

The parties mediated all day long on June 30, 2021 with mediator Michelle Yoshida. Settlement was not reached that day. Instead, Ms. Yoshida continued negotiations thereafter meeting several times with both parties. It wasn't until July 6, 2021, that Ms. Yoshida was able to convince the parties to agree on the principal terms of a settlement.

## III.     TERMS OF THE SETTLEMENT

The settlement set forth in the Stipulation resolves the Class's claims against all Defendants in exchange for $10,500,000 in cash. Class Plaintiff and Class Counsel have diligently litigated this Action for more than a year and a half and have a thorough understanding of the factual and legal issues in the Action. After considering the risks and expense of proceeding to trial, including the risk of collection, Class Plaintiff and Class Counsel have concluded that the substantial and certain monetary recovery obtained for the benefit of the Class through this settlement is an excellent result and is in the best interests of the Class members.

## IV.     THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### a.  The Proposed Settlement Meets the Standard For Preliminary Approval

Settlement is a strongly favored method for resolving litigation in this Circuit. *See Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). Settlement "minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources." *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 313 (7th Cir. 1980).

Federal Rule of Civil Procedure 23(e) requires judicial approval for the compromise of claims brought on a class basis, and such approval involves a two-step process. The Court first

4

considers the proposed settlement and grant "preliminary approval"; then, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness, reasonableness, and adequacy of the proposed settlement, the Court issues a "final approval" order or judgment. *See Manual for Complex Litigation* § 13.14 (4th ed. 2004).

At the preliminary approval stage, a court's task is merely to "determine whether the proposed settlement is within the range of possible approval." *Armstrong*, 616 F.2d at 314. This low threshold acknowledges that the final approval hearing is the stage at which courts "adduce all information necessary to enable [them] intelligently to rule on whether the proposed settlement is 'fair, reasonable, and adequate.'"). *Id.* (citing *Manual for Complex Litigation* (rev/d ed.) § 1.46, at 57). At preliminary approval, a court's role does not entail "resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *E.E.O.C. v. Hiram Walker & Sons,* 768 F.2d 884, 889 (7th Cir.1985) (collecting cases).

The proposed settlement in this case is extraordinary, and well "within the range of possible approval." *See Armstrong*, 616 F.2d at 314. The $10,500,000 cash benefit conferred by the settlement represents approximately 30% of the $30-37 million that Class Plaintiff's experts have estimated would be the maximum likely recovery if Class Plaintiff prevailed on all of her claims. According to a recent review of securities class action settlements, cases alleging damages of $25 million to $74 million typically settle for about 8% of total damages. Laarni T. Bulan *et al*, Securities Class Action Settlements: 2019 Review and Analysis (Cornerstone Research).[3] Thus, the recovery in this case is 3.125 times the typical amount recovered for the class in securities class action cases.

---

[3] Available at https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2019-Review-and-Analysis

**b.** **The Factors Considered When Granting Final Approval Also Support Preliminary Approval of the Proposed Settlement**

When granting final approval of a settlement, courts consider: "(1) the strength of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 C 2898, 2011 WL 3290302, at *5 (N.D. Ill. July 26, 2011) (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006)). *See also GE Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1082 (7th Cir. 1997). "At the preliminary approval stage, however, the court's task is merely to 'determine whether the proposed settlement is within the range of possible approval,' not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards." *Am. Int'l Grp.,* 2011 WL 3290302, at *6. A "summary" review of this criteria demonstrates that the proposed settlement is clearly 'within the range of possible approval.'" *See id.* at *32.

The proposed settlement appropriately reflects the strength of Class Plaintiff's claims, which had overcome a motion to dismiss and would be, in the view of Class Counsel, well supported by record evidence. The proposed settlement also reflects the fact that risks remained which could reduce or thwart any recovery. For example, Class Plaintiff's claims could be substantially limited at class certification or summary judgment. Moreover, there is no assurance that the Class would prevail at trial, that it would achieve the full measure of damages sought (especially in light of the numerous defenses raised by Defendants so far), or that any verdict would be sustained on appeal. Finally, even if there was a recovery that was upheld on appeal, there's no guarantee the full amount could be collected from Defendants. At any rate, proceeding through full discovery, trial and appeal would be extremely expensive, complex and consume a substantial

6

amount of time.

While Class Plaintiff and Class Counsel believe that they would prevail on their claims, there is no guarantee of success. The proposed settlement provides an excellent recovery for the Class while eliminating the risk, expense, duration, and uncertainty of continued litigation. An evaluation of the benefits of settlement must also be tempered by a recognition that any compromise involves concessions on the part of all the settling parties. Indeed, the "'essence of settlement is compromise.'" *Isby,* 75 F.3d at 1200 (quoting *Armstrong,* 616 F.2d at 315).

Class Plaintiff and Class Counsel strongly believe that the proposed settlement is in the best interests of the Class. They reached this determination after conferring and considering the strengths and weaknesses of the claims asserted, the likelihood of prevailing and the range of possible damages that could be achieved if they prevailed at trial, the risk, expense and duration of continued litigation, and the likely appeal of any successful verdict. Having conducted a thorough investigation into Class Plaintiff's claims and received the benefit of part of the confirmatory discovery negotiated for, Class Counsel was able to assess the settlement with a deep understanding of the factual and legal issues involved. "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *McCue v. MB Fin., Inc.*, No. 1:15-CV-00988, 2015 WL 1020348, at *1 (N.D. Ill. Mar. 6, 2015); *see also Hiram Walker,* 768 F.2d at 889 (7th Cir. 1985) (significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class).

While Class Plaintiff believes the settlement merits final approval, the Court need not make that determination now. The Court is simply being asked to permit notice of the terms of the settlement to be sent to the Class and schedule a Final Approval Hearing, pursuant to Rule 23(e),

where it will consider any expressed views by Class Members about the fairness of the settlement, the Plan of Allocation, Class Counsel's request for an award of fees and expenses, and Class Plaintiff's request for a reimbursement award. 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002).

## V. THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Under Rule 23(e)(1), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal" (*i.e.,* the proposed settlement). Here, the parties negotiated the form of the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") to be disseminated to all persons who fall within the definition of the Class and whose names and addresses have been or can be identified from or through: (a) RTI's transfer records; and (b) via nominees which commonly hold securities in "street name" for the benefit of their customers who are the beneficial purchasers of the securities. Class Plaintiff further proposes to supplement the mailed Notice with a Summary Notice published twice on national news wires, as well as to post Notice and all other relevant settlement documents on the notice website. The Notice and Summary Notice are attached to the Stipulation as Exhibits A-1 and A-3.

The proposed Notice contains all of the information required by Rule 23 and the PSLRA. Accordingly, in granting preliminary approval of the proposed settlement, Class Plaintiff respectfully requests that the Court also approve the proposed form and method of giving notice to the Class. As required by the PSLRA, the Notice specifies: (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per share basis"; (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this chapter, a statement from each settling party concerning the issue or issues on which the parties disagree"; (3) "a

statement indicating which parties or counsel intend to make ... an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought"; (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members"; and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. §78u-4(a)(7).

The Notice also defines the class, describes the Plan of Allocation, summarizes the nature, history and status of the Action; identifies the Class' claims and issues, discusses the rights of persons who fall within the definition of the Class, and explains why Class Plaintiff and Class Counsel are proposing the settlement. Further, the Notice includes detailed information on the process and requirements for requesting exclusion from the Class. Specifically, the Notice provides the name and mailing address for the Claims Administrator. For those Class Members who wish to participate in the settlement, the Notice provides instructions on the timing and process for completing and submitting the Proof of Claim and Release form that accompanies the Notice. The Summary Notice also informs Class Members that copies of the Notice and Proof of Claim and Release form may be obtained by writing the Claims Administrator, or by accessing the documents on the notice website. Finally, the Notice sets forth the date, time, and place of the final approval hearing, along with the procedures for commenting on the settlement and includes the postal address for the Court, Class Counsel, and counsel for Defendants.

## VII. THE CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

Before granting preliminary approval of a settlement, the Court should determine that the proposed Class is a proper class for settlement purposes. *See Amchem Prods. v. Windsor* 521 U.S.

9

591, 620 (1997); *Manual*, § 21.632. The threshold task is to determine whether the proposed Class satisfies Rule 23's requirements, applicable to all class actions. The requirements are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See Hernandez v. Gatto Indus. Platers*, No. 08 CV 2622, 2009 WL 1173327, at *1 (N.D. Ill. April 28, 2009). Additionally, the action must be maintainable under Fed. R. Civ. P. 23(b)(1), (2), or (3). In certifying a Settlement Class, however, the Court is not required to determine whether the action, if tried, would present intractable management problems "for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; s*ee also* Fed. R. Civ. P. 23(b)(3)(D). Indeed, "[t]he [very] fact that the parties have reached a settlement is a relevant consideration in the class-certification analysis." *AT & T*, 270 F.R.D. at 340. Here, the proposed Class meets all of the requirements of Rule 23(a) and Rule 23(b)(3).

"In order to prove numerosity, Plaintiff[s] must establish that the class is so large that 'joinder of all members is impractical.'" *Herkert v. MRC Receivables Corp*., 254 F.R.D. 344, 348 (N.D. Ill. 2008). There were more than 62 million shares of RTI common stock outstanding as of February 25, 2019. The proposed Class also meets the commonality requirement of Rule 23(a), which "has been characterized as a low hurdle, easily surmounted." *Roth v. Aon Corp.*, 238 F.R.D. 603, 606 (N.D. Ill. 2006). The requirement is met "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). Here, Class Plaintiff alleges that Defendants engaged in conduct involving a common nucleus of operative facts by misrepresenting RTI's finances and internal controls.

Class Plaintiff also meets the typicality and adequacy requirements. Like all other Class Members, Class Plaintiff was subject to what they allege was Defendants' wrongful conduct in violation of federal law. Class Plaintiff adequately represents the Class since she does not have

individual interests or claims that are antagonistic to the Class. *See, e.g., Herkert,* 254 F.R.D. 344 (Class representatives adequate if they hold "an understanding of basic facts underlying the claims" and demonstrate a "willingness and ability to participate in discovery").

Finally, the proposed Class meets the requirements of Rule 23(b)(3). In *Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds*, 133 S. Ct. 1184 (2013), the Supreme Court clarified the evidentiary requirements of the predominance standard under Rule 23(b)(3), explaining that "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Id*. at 1191. Here, as in *Amgen*, common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

A class action is also superior to other methods available for the fair and efficient adjudication of this controversy. Members of the Class are not likely to and do not have an interest or means to prosecute an individual case against RTI, a large and sophisticated company which has recently been acquired by another company. Additionally, concerns of efficiency and economy tip the scales in favor of litigating the issues in one suit before this Court

## VIII. PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the settlement, the Court must set a final approval hearing date, dates for mailing the Notice and publication of the Summary Notice, and deadlines for requesting exclusion from the Class, objecting to the settlement, the Plan of Allocation, and the submission of Proof of Claim and Release forms. Class Plaintiff proposes the following schedule, which is reflected in the proposed Preliminary Approval Order attached as Exhibit A to the Stipulation, and is consistent with schedules approved by courts in this District and nationwide:

11

| Notice mailed to Class ("Notice Date") | 20 days after entry of the Preliminary Approval Order |
|---|---|
| Summary Notice published | Twice at approximately 10 days and approximately 20 days after Notice Date |
| Deadline for filing motion for final approval of settlement, Plan of Allocation, request for an award of attorneys' fees and expenses or request for a reimbursement award to Class Plaintiff | 21 days prior to final approval hearing |
| Exclusion deadline | 21 days prior to final approval hearing |
| Objection deadline | 14 days prior to final approval hearing |
| Deadline for filing reply papers in support of motion for final approval of settlement, Plan of Allocation, request for an award of attorneys' fees and expenses or request for a reimbursement award to Class Plaintiff | 7 days prior to final approval hearing |
| Final approval hearing | At Court's convenience, at approximately 105 days after entry of the Preliminary Approval Order |
| Claims filing deadline | 120 days after Notice date |

## VIII. CONCLUSION

For all the foregoing reasons, the proposed settlement warrants the Court's preliminary approval and the Notice Order should be entered.

Dated:   August 31, 2021

By: /s/ Louis C. Ludwig
Patrick V. Dahlstrom
Louis C. Ludwig
Pomerantz LLP
10 South LaSalle St., Ste, 3505
Chicago, IL 60603
312.377.1181
pdahlmstrom@pomlaw.com

12

lcludwig@pomlaw.com

Velvel (Devin) Freedman
Kyle W. Roche
Ivy T. Ngo
Constantine P. Economides
Roche Freedman LLP
200 South Biscayne Blvd, Ste. 5500
Miami, FL 33131
305.851.5997
vfreedman@rcfllp.com
kyle@rcfllp.com
ingo@rcfllp.com
ceconomides@rcfllp.com

***Class Counsel***

13