# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-------------------------------------------------------X
PATRICIA LOWRY, individually and on
behalf of all others similarly situated,

                Plaintiff,

  -against-                                    Civil Action No. 20 C 01939 (MFK)

RTI SURGICAL HOLDINGS, INC.,              CLASS ACTION
CAMILLE I. FARHAT, BRIAN K.
HUTCHISON, JONATHON M. SINGER,
ROBERT P. JORDHEIM, and JOHANNES
W. LOUW,

                Defendants.

-------------------------------------------------------X

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING

TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED RTI SURGICAL HOLDINGS, INC. COMMON STOCK FROM MARCH 7, 2016 THROUGH MARCH 27, 2020, BOTH DATES INCLUSIVE (CLASS PERIOD) AND WERE DAMAGED THEREBY.

EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF RTI SURGICAL HOLDINGS INC. AT ALL RELEVANT TIMES, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY ENTITY IN WHICH ANY OF THE ABOVE HAVE OR HAD A CONTROLLING INTEREST.

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

      **CLASS RECOVERY**: This Notice has been sent to you pursuant to an Order of the United States District Court, Northern District of Illinois (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $10,500,000. Plaintiff estimates there were approximately 32.5 million shares of RTI

Surgical Holdings, Inc. common stock traded during the Class Period that may have been impacted. Pursuant to the Plan of Allocation (*see* Section III herein), if all affected RTI Surgical Holdings, Inc. shares elect to participate in the Settlement, the average recovery per share could be approximately $0.32, before deduction of any fees, expenses, costs, and awards described herein. The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

**POTENTIAL OUTCOME OF THE CASE**: The parties vigorously disagree on both liability and damages, and do not agree what damages per share would be recoverable if Plaintiffs prevailed on each claim alleged under the Securities Act of 1934  The issues on which the parties disagree include, but are not limited to: (a) whether any person who made the allegedly false and misleading statements acted with the requisite state of mind (*scienter*); (b) the materiality of some of the allegedly false and misleading statements; and (c) the effect, if any, of those statements on the price of RTI Surgical Holdings, Inc.'s common stock. The Defendants continue to deny that they are liable to the Plaintiff or the Class and deny that Plaintiff or the Class have suffered any damages, and the Settlement is not an admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT:** Plaintiff believes that the proposed Settlement is fair, reasonable, adequate to, and in the best interests of, the Class. Plaintiff and their counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Plaintiff's claims against Defendants, including the Defendants' contentions that the Class's claims are without merit, the uncertainties of this complex litigation, the legal and factual defenses available to Defendants, and the concrete benefits provided by the Settlement to the members of the Class. The Settlement was entered into after extended mediation proceedings. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action to avoid the cost, delay, and risk of continuing the Action provided that all of the claims of the Class are settled and compromised.

**ATTORNEYS' FEES AND COSTS SOUGHT:** Lead Counsel has not received any payment for its services in conducting this litigation on behalf of Plaintiff and the members of the Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 33% of the Settlement Amount, and reimbursement of expenses not to exceed $100,000. If the amount requested by counsel is approved by the Court, the average cost of fees would be approximately $0.10 per share. In addition, a Compensatory Award for the time and expenses incurred by the Lead Plaintiff will be requested, not to exceed $5,000.

**NOTICE AND ADMINISTRATION COSTS:** Subject to the Court's approval, the parties have agreed to deposit $200,000 of the Settlement Amount of $10,500,00 into a settlement Notice and Administration Account to cover the costs related to the publication and mailing of Notice to the Class and Administration of all claims filed by Class Members. If the $200,000 is approved for the Notice and Administration Account, the average cost for Notice and Administration would be approximately $0.006 per share. Any amount expended in excess of $200,000 for Notice and Administration costs would have to be approved by the Court before any additional payment for Notice and Administration costs could be paid from the Settlement Amount.

**IDENTIFICATION OF PLAINTIFF'S COUNSEL:** Requests for further information regarding the Action and this Notice may be directed to Lead Counsel: Louis C. Ludwig, Esq., Pomerantz LLP, 10 South La Salle Street, Suite 3505, Chicago, IL 60603, lcludwig@pomlaw.com and Devin "Velvel" Freedman, Roche Freedman LLP, 1 SE 3rd Av., Suite 1250, Miami, Florida 33131, vel@rcfllp.com.

## I. THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

**All persons and entities that purchased or otherwise acquired RTI Surgical Holdings, Inc. common stock from March 7, 2016 through March 27, 2020, both dates inclusive (the Class Period) and were damaged thereby.**

Excluded from the Class are Defendants, the officers and directors of RTI Surgical Holdings, Inc. at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above have or had a controlling interest.

*The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.*

## II. THE LITIGATION

**Summary of the Litigation**

The Court handling this Action is the United States District Court for the Northern District of Illinois, and the case is known as *In re RTI Surgical Holdings Inc. Holdings, Inc. Securities Litigation*, No. 20 C 01939 (MFK). On June 30, 2020, Rosy Yeretsian was appointed as Lead Plaintiff to represent the Class. The Defendants in this Action are RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings, Inc. and herein as "RTI" or the "Company"); and Camille I. Farhat, Brian K. Hutchison, Jonathon M. Singer, Robert P. Jordheim and Johannes W. Louw.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a))) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) by Defendants.

During the Class Period, RTI Surgical Holdings, Inc., was a surgical implant company that designed, developed, manufactured, and distributed biologic, metal, and synthetic implants worldwide. The Company is a Delaware corporation headquartered in Deerfield, Illinois that, during the Class Period, was listed on the NASDAQ under the ticker symbol "RITX." Plaintiff alleges that, during the Class Period, Defendants misleadingly assured the market that (i) RTI recognized revenue in accordance with contractual arrangements between the Company and its customers; (ii) RTI's internal controls over financial reporting were effective; and (iii) RTI's public disclosures were complete. Plaintiff alleges that RTI's stock price was artificially inflated as a result of a series of misleading statements. The Court has not decided who is right.

The Defendants deny all allegations of misconduct alleged by Plaintiff, deny having engaged in any wrongdoing whatsoever, and have asserted numerous defenses to Plaintiff's claims.

**Discovery, Investigation, and Research Conducted by Counsel**

As part of the Settlement process, Lead Counsel performed an investigation and research into the merits of the Action. This investigation has included consultation with experts concerning the

amount of damages suffered by the Class; interviews of confidential witnesses who previously worked at RTI Surgical Holdings, Inc. and its customers; detailed reviews of RTI Surgical Holdings, Inc.'s public filings, SEC filings, press releases, and other public statements; review of more than 3,000 pages of documents produced by Defendants; an interview by counsel of a Company corporate representative; review of reports issued by financial and industry analysts relating to RTI Surgical Holdings, Inc.; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

**Proposed Settlement**

Lead Counsel and Defendants' Counsel participated in protracted negotiations in mediation with the assistance of mediator Michelle Yoshida, Esq. of Phillips ADR. During these negotiations, the parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the parties at trial, the risks of collection, and other important factual and legal issues. By entering the Settlement, the Defendants do not concede the truth of any of the claims against them.

These negotiations resulted in the agreement to settle all claims of the Class against the Defendants, *i.e.*, the Stipulation, entered into on August 31, 2021. Lead Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date in the action supports the claims asserted therein. Lead Counsel assert and believe the Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Lead Counsel, however, recognize and acknowledge the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here, as well as the risks of collection. They are also mindful of the inherent problems of proof under the federal securities laws violations asserted in this Action, including the defenses asserted or that may be asserted by Defendants.

In light of the foregoing, Lead Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Lead Counsel have determined that the Settlement is in the best interests of the Class.

**The Release**

In return for the payment of the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge and dismiss with prejudice all Released Claims as against each and all of the Released Persons, without costs to any party except as provided herein, upon the Effective Date. Lead Plaintiff and all Class Members, whether or not any such Person submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge the Released Persons from any and all of the Released Claims.

On the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

### III. PROPOSED PLAN OF ALLOCATION

The $10,500,000 Settlement Amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Claim Forms ("Authorized Claimants").

Epiq shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

The Plan of Allocation takes into consideration the limitation on damages provision of the PSLRA, 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

1. There is no Recognized Loss for shares purchased **on or before March 6, 2016.**

2. For each share of RTI common stock purchased **during the period March 7, 2016 through March 16, 2020**, inclusive, and

    a. sold on March 17, 2020, the Recognized Loss per share is *the lesser of*:

        i. $0.55; or

        ii. the purchase price *minus* the sale price.

    b. sold during the period March 18, 2020 through March 19, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

        i. $0.77; or

        ii. the purchase price *minus* the sale price.

    c. sold during the period March 20, 2020 through March 27, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

        i. $1.00; or

        ii. the purchase price *minus* the sale price.

    d. sold during the period March 30, 2020 through June 25, 2020, inclusive, (*i.e.*, sold during the 90-day lookback period), the Recognized Loss per share is *the lesser of*:

        i. $1.28; or

        ii. the purchase price *minus* the 90-day lookback value on the date of sale as provided in Table 1 below; or

        iii. the purchase price *minus* the sale price.

    e. still held as of the close of trading on June 25, 2020, the Recognized Loss per share is the lesser of :

        i.   $1.28; or

        ii.  the purchase price *minus* the average closing price for RTI common stock during the 90-day lookback period, which is $2.43.

3. For each share of RTI common stock purchased **on March 17, 2020**, and

    a.   sold prior to March 18, 2020, the Recognized Loss per share is zero.

    b.   sold during the period March 18, 2020 through March 19, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

        i.   $0.22; or

        ii.  the purchase price minus the sale price.

    c.   sold during the period March 20, 2020 through March 27, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

        i.   $0.45; or

        ii.  the purchase price *minus* the sale price.

    d.   sold during the period March 30, 2020 through June 25, 2020, inclusive, (*i.e.*, sold during the 90-day lookback period), the Recognized Loss per share is *the lesser of*:

        i.   $0.73; or

        ii.  the purchase price minus the 90-day lookback value on the date of sale as provided in Table 1 below; or

        iii. the purchase price *minus* the sale price.

    e.   still held as of the close of trading on June 25, 2020, the Recognized Loss per share is *the lesser of*:

        i.   $0.73; or

        ii.  the purchase price *minus* the average closing price for RTI common stock during the 90-day lookback period, which is $2.43.

4. For each share of RTI common stock purchased **during the period March 18, 2020 through March 19, 2020**, inclusive, and

    a.   sold prior to March 20, 2020, the Recognized Loss per share is zero.

    b.   sold during the period March 20, 2020 through March 27, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

        i.   $0.23; or
        ii.  the purchase price *minus* the sale price.

    c.   sold during the period March 30, 2020 through June 25, 2020, inclusive, (*i.e.*, sold during the 90-day lookback period), the Recognized Loss per share is *the lesser of*:

        i.   $0.51; or

        ii. the purchase price *minus* the 90-day lookback value on the date of sale as provided in Table 1 below; or

        iii. the purchase price *minus* the sale price.

    d. still held as of the close of trading on June 25, 2020, the Recognized Loss per share is *the lesser of*:

        i. $0.51; or

        ii. the purchase price *minus* the average closing price for RTI common stock during the 90-day lookback period, which is $2.43.

5. For each share of RTI common stock purchased **during the period March 20, 2020 through March 27, 2020**, inclusive, and

    a. sold prior to March 30, 2020, the Recognized Loss per share is zero.

    b. sold during the period March 30, 2020 through June 25, 2020, inclusive, (*i.e.*, sold during the 90-day lookback period), the Recognized Loss per share is *the lesser of*:

        i. $0.28; or

        ii. the purchase price *minus* the 90-day lookback value on the date of sale as provided in Table 1 below; or

        iii. the purchase price *minus* the sale price.

    c. still held as of the close of trading on June 25, 2020, the Recognized Loss per share is *the lesser of*:

        i. $0.28; or

        ii. the purchase price *minus* the average closing price for RTI common stock during the 90-day lookback period, which is $2.43.

6. For each share of RTI common stock purchased **after March 27, 2020**, the Recognized Loss per share is $0.

| Table 1 90-Day Lookback Value ||||||
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 3/30/2020 | $1.68 | 4/29/2020 | $1.97 | 5/29/2020 | $2.18 |
| 3/31/2020 | $1.70 | 4/30/2020 | $2.00 | 6/1/2020 | $2.19 |
| 4/1/2020 | $1.66 | 5/1/2020 | $2.03 | 6/2/2020 | $2.21 |
| 4/2/2020 | $1.63 | 5/4/2020 | $2.06 | 6/3/2020 | $2.22 |
| 4/3/2020 | $1.60 | 5/5/2020 | $2.07 | 6/4/2020 | $2.24 |
| 4/6/2020 | $1.60 | 5/6/2020 | $2.08 | 6/5/2020 | $2.25 |
| 4/7/2020 | $1.60 | 5/7/2020 | $2.08 | 6/8/2020 | $2.27 |
| 4/8/2020 | $1.63 | 5/8/2020 | $2.09 | 6/9/2020 | $2.29 |
| 4/9/2020 | $1.68 | 5/11/2020 | $2.10 | 6/10/2020 | $2.31 |

| Table 1 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 4/13/2020 | $1.73 | 5/12/2020 | $2.10 | 6/11/2020 | $2.32 |
| 4/14/2020 | $1.77 | 5/13/2020 | $2.11 | 6/12/2020 | $2.33 |
| 4/15/2020 | $1.79 | 5/14/2020 | $2.11 | 6/15/2020 | $2.34 |
| 4/16/2020 | $1.81 | 5/15/2020 | $2.11 | 6/16/2020 | $2.36 |
| 4/17/2020 | $1.83 | 5/18/2020 | $2.12 | 6/17/2020 | $2.37 |
| 4/20/2020 | $1.84 | 5/19/2020 | $2.12 | 6/18/2020 | $2.38 |
| 4/21/2020 | $1.86 | 5/20/2020 | $2.13 | 6/19/2020 | $2.40 |
| 4/22/2020 | $1.87 | 5/21/2020 | $2.13 | 6/22/2020 | $2.41 |
| 4/23/2020 | $1.87 | 5/22/2020 | $2.13 | 6/23/2020 | $2.42 |
| 4/24/2020 | $1.87 | 5/26/2020 | $2.14 | 6/24/2020 | $2.43 |
| 4/27/2020 | $1.88 | 5/27/2020 | $2.16 | 6/25/2020 | $2.43 |
| 4/28/2020 | $1.93 | 5/28/2020 | $2.17 | | |

**General Provisions:**

1. There shall be no Recognized Loss attributed to any RTI Surgical Holdings, Inc. securities other than RTI Surgical Holdings, Inc. common stock.

2. The date of a purchase, acquisition, or sale of RTI Surgical Holdings, Inc. common stock is the "trade" date, and not the "settlement" date.

3. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4. The date of covering a "short sale" is deemed to be the date of purchase of RTI Surgical Holdings, Inc. common stock; and the date of a "short sale" is deemed to be the date of sale of RTI Surgical Holdings, Inc. common stock. Shares originally sold short will have a Recognized Loss of zero.

5. Exercise of option contracts into RTI Surgical Holdings, Inc. common stock will be considered to be purchases or sales of RTI Surgical Holdings, Inc. common stock as of the date of the exercise.

6. No cash payment will be made on a claim where the potential distribution amount is less than $20.00 (Twenty Dollars and Zero Cents). Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Persons.

7. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

8. No Person shall have any claim against Lead Counsel, the Settlement Administrator or other agent designated by Lead Counsel, or any Defendant or any Defendants' Counsel

based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9. Class Members who do not submit valid Claim Forms will not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit a valid Claim Form will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

## IV. REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **postmarked no later than January 14, 2022,** addressed to the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq") at:

RTI Securities Settlement
PO Box 6819
Portland, OR 97228-6819

Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving RTI Surgical Holdings, Inc. Common Stock during the period from March 7, 2016 through June 26, 2020, including the number of shares, principal amount and trade date of each purchase and sale. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email or fax.**

**If a person or entity who is a member of the Class duly and timely requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all members of the Class who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Persons.

## V. STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

If the proposed Settlement is approved, Lead Counsel intend to apply to the Court for an award of attorneys' fees and reimbursement of expenses from the Settlement Fund. Lead Counsel will seek no more than 33 percent of the Settlement Fund as fees, plus an additional amount not to exceed $100,000 as reimbursement for the expenses and costs actually incurred, in prosecuting the action. Lead Counsel believe their intended fee request to be fair and reasonable. Lead Counsel have litigated this case on a wholly contingent basis and have received no compensation during the period the case has been pending, while expending considerable time and funds during the

Action. Had the case not been successful, Lead Counsel would have sustained a considerable financial loss.

In addition, Lead Counsel intend to apply to the Court on behalf of the Court-appointed Lead Plaintiff for reimbursement from the Settlement Fund for and of her reasonable time, costs and expenses directly relating to her representation of the Class. Lead Counsel will seek no more than $5,000 for the Lead Plaintiff.

## VI.     THE FINAL APPROVAL HEARING

The Final Approval Hearing shall be held before Honorable Matthew F. Kennelly on January 24, 2022, at _____ .m., in Courtroom 2103 of the United States District Court for the Northern District of Illinois, Evert McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 or via Zoom or some other video platform to determine: (1) whether a Class should be certified for purposes of the Settlement and whether Lead Plaintiff and Lead Counsel have adequately represented the Class Members; (2) whether the proposed Settlement of the Class's claims against the Defendants for $10,500,000 should be approved as fair, reasonable and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (6) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether the Lead Plaintiff's application for reimbursement of costs and expenses should be granted.

***The Final Approval Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Final Approval Hearing or at any adjournment or continuance thereof.***

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the adequacy of the representation provided by Lead Plaintiff and Lead Counsel, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for and of the reimbursement of the reasonable time, costs and expenses of the Lead Plaintiff, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney (or via any video platform designated by the Court) at the Final Approval Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be considered by the Court unless, **no later than January 10, 2022**, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section IV herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

Lead Counsel:

    Louis C. Ludwig, Esq.  
    POMERANTZ LLP  
    Ten South La Salle Street  
    Suite 3500  
    Chicago, Illinois 60603

    Velvel Freedman, Esq.  
    ROCHE FREEDMAN LLP  
    1 SE 3rd Av.  
    Suite 1250  
    Miami, Florida 33131

Defendants' Counsel:

    Stephen P. Warren, Esq.  
    HOLLAND & KNIGHT LLP  
    701 Brickell Avenue  
    Suite 3300  
    Miami, Florida 33131

    Stephen J. Crimmins, Esq.  
    MURPHY & MCGONIGLE, P.C.  
    1185 Avenue of the Americas  
    21st Floor  
    New York, NY 10036

    Deborah Meshulam, Esq.  
    DLA PIPER LLP (US)  
    500 8th Street NW  
    Washington DC 20004

    Russell Koonin, Esq.  
    HOMER BONNER JACOBS ORTIZ, P.A.  
    1200 Four Seasons Tower  
    1441 Brickell Avenue  
    Miami Florida 33131

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person or entity may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to the Lead Plaintiff will not affect the finality of either the Settlement or the Judgment to be entered pursuant thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII. PROOF OF CLAIM AND RELEASE FORM

*To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").* A Proof of Claim is annexed to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must be postmarked on or before January 14, 2022** and addressed to Epiq at:

RTI Securities Settlement  
PO Box 6819  
Portland, OR 97228-6819

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as described in Section II, above, by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Class and the allowable amount of the claim.

If you would like acknowledgement of the receipt of your Proof of Claim by Epiq, please send it by certified mail, return requested, or its equivalent. No other formal acknowledgment will be provided**.**

### VIII. SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions and other nominees ("Nominees") who, during the Class Period, purchased, acquired, or sold RTI Surgical Holdings, Inc. common stock in the name of the Nominees on behalf of beneficial owners who may be members of the Class, *must* within ten (10) days after you receive this Notice, either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to Epiq at:

RTI Securities Settlement
PO Box 6819
Portland, OR 97228-6819

Epiq will then cause the Notice and the Proof of Claim to be mailed promptly to such beneficial owners.

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from Epiq (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to Epiq.

### IX. FURTHER INFORMATION

This Notice merely provides a brief summary of the Action and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the Action, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action. You may examine and/or copy the records in the Action, subject to customary copying fees, at the

Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604, at any time it is open to the general public. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim form and proposed Judgments may be obtained by viewing the website at www.RTISecuritiesSettlement.com., or contacting Epiq at:

RTI Securities Settlement<br>
PO Box 6819<br>
Portland, OR 97228-6819

In addition, you may contact Louis C. Ludwig, Esq., Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, (312) 377-1181, lcludwig@pomlaw.com or Velvel Freedman, Roche Freedman LLP, 1 SE 3rd Ave, Suite 1250, Miami, Florida 33131, (305) 306-9211 vel@rcfllp.com if you have any questions about the Action or the Settlement.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated: _____, 2021  _____
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS