**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PATRICIA LOWRY, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. 20 C 01939 (MFK) |
| Plaintiff, | CLASS ACTION |
| v. | |
| RTI SURGICAL HOLDINGS, INC., CAMILLE I. FARHAT, BRIAN K. HUTCHISON, JONATHON M. SINGER, ROBERT P. JORDHEIM, AND JOHANNES W. LOUW, | |
| Defendants. | |

**DECLARATION OF JORDAN BROKER REGARDING**
**(I) MAILING OF NOTICE AND CLAIM FORM; (II) PUBLICATION OF SUMMARY**
**NOTICE; (III) CALL CENTER SERVICES; (IV) THE SETTLEMENT WEBSITE; (V)**
**REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE**

I, Jordan Broker, declare and state as follows:

1.      I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc.

("Epiq").  Pursuant to the Court's Preliminary Approval Order dated September 22, 2021 (Dkt.

No. 103), Epiq was authorized to act as the Claims Administrator for the Settlement in the above-

captioned action (the "Action").[1]

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Settlement, dated September 22, 2021 (Dkt. No. 103 (the "Settlement" or "Stipulation") and/or the Preliminary Approval Order.

2. The following statements are based on my personal knowledge and information provided by Epiq employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

3. I submit this Declaration in order to provide the Court and the Parties to the Settlement with information regarding, among other things, the mailing of the Court-approved Notice of Proposed Settlement of Class Acton, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice") and the Proof of Claim and Release Form (the "Claim Form") (together, the "Notice Packet"), as well as the publication and transmission of the Summary Notice, and establishment of the website and toll-free number dedicated to this class action, in accordance with the Preliminary Approval Order.

## I. MAILING OF THE NOTICE AND PROOF OF CLAIM

4. Pursuant to the Preliminary Approval Order, Epiq was responsible for disseminating the Notice Packet to potential Settlement Class Members at the mailing addresses set forth in the records provided by RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings, Inc.). By definition, Settlement Class Members are all persons and entities who or which purchased or otherwise acquired RTI common stock between March 7, 2016, through March 27, 2020, inclusive (the "Class Period"), and were allegedly damaged thereby.

5. On September 27, 2021, Epiq received from Lead Counsel containing the names and addresses of potential members of the Settlement Class (as required by Paragraph 5(a) of the Preliminary Approval Order), identifying holders of RTI common stock during the Class Period. The data received resulted in 351 unique mailing records. On October 6, 2021 (the "Initial Mailing"), Epiq caused Claim Packets to be mailed to the 351 unique mailing records contained in the data provided by RTI.

6. As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" – *i.e.*, the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. Epiq maintains and updates a proprietary internal list of the largest and most common banks, brokers and other nominees. At the time of the Initial Mailing, Epiq's internal broker list contained 1,116 mailing records. On October 6, 2021, Epiq caused additional Claim Packets to be mailed to the 1,116 mailing records contained in its internal broker list.

7. In total, Epiq mailed 1,467 copies of the Claim Packet as part of the Initial Mailing. A copy of the Claim Packet is attached hereto as Exhibit A.

8. The Court's Preliminary Approval Order directed that the Summary Notice be transmitted over PR Newswire within ten (10) calendar days of the Notice Date. Accordingly, the Summary Notice was transmitted over PR Newswire on October 13, 2021. Proof of the dissemination of the Summary Notice is attached hereto as Exhibit B.

9. The Notice directed those who purchased RTI common stock during the Class Period for the beneficial interest of a person or organization other than themselves to either (a) within seven (7) calendar days of receipt of the Notice, request from Epiq sufficient copies of the Notice Packet to forward to all such beneficial owners, or (b) within seven (7) calendar days of receipt of the Notice, provide to Epiq the names and addresses of all such beneficial owners.

10. From the Initial Mailing through December 31, 2021, Epiq received an additional 6,035 names and addresses of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. Epiq has also received requests from brokers and other nominee holders for 7,675 Notice Packets to be forwarded by the nominees to their

3

customers. All such requests have been, and will continue to be, complied with and addressed in a timely manner.

11.     As of December 31, 2021, a total of 15,177 Notice Packets have been mailed to potential Settlement Class Members and nominees.

## II.     PUBLICATION OF THE SUMMARY NOTICE

12.     In accordance with Paragraph 5(b) of the Preliminary Approval Order, Epiq caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement of Class Action; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Summary Notice") to be published via *the PR Newswire* on October 13, 2021. Copies of proof of publication of the Summary Notice over the *PR Newswire* are attached hereto as Exhibit B.

## III.     CALL CENTER SERVICES

13.     Epiq reserved a toll-free phone number for the Settlement, (877) 891-7880, and published that toll-free number in the Notice Packet, in the Summary Notice, and on the Settlement Website.

14.     The toll-free number became operational on October 6, 2021. The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides potential Settlement Class Members and others who call the toll-free telephone number access to additional information that has been pre-recorded. The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week. Specifically, the pre-recorded message provides callers with a brief summary of the Settlement and the option to select one of several more detailed recorded messages addressing frequently asked questions. The IVR also allows callers to request that a copy of the Notice Packet be mailed to them, or the caller may opt to speak live with a trained

4

operator. Callers can speak to a live operator regarding the status of the Settlement and/or obtain answers to questions they may have, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time (excluding official holidays). During other hours, callers may leave a message for an agent to call them back. Epiq has promptly responded to each telephone inquiry and will continue to address potential Settlement Class Members' inquiries.

## IV.      THE SETTLEMENT WEBSITE

15.      Epiq established and is maintaining  a website dedicated to the Settlement (www.RTISecuritiesSettlement.com) to provide information to Class Members (including the exclusion, objection and claim filing deadlines, as well as the date of the Court's Settlement Hearing), and to answer frequently asked questions. Users of the website can download a copy of the Notice, Claim Form, Preliminary Approval Order, and other case-related documents. The web address is set forth in the Claim Package and the Summary Notice. Epiq will continue operating, maintaining and, as appropriate, updating the website with relevant case updates and court documents until the conclusion of the administration.

## V.      REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED TO DATE

16.      The Notice, Summary Notice, and Settlement Website inform Settlement Class Members that requests for exclusion from the Settlement Class must be received by January 10, 2022.  The Notice directs Settlement Class Members who wish to request exclusion to mail their request to RTI Securities Settlement, EXCLUSIONS, P.O. Box 6819, Portland, OR 97228-6819. The Notice also sets forth the information that must be included in each request for exclusion. Epiq monitors all mail delivered to this P.O. Box.

17.      As of December 31, 2021, Epiq has not received any requests for exclusion.  Epiq has monitored and will continue to monitor all mail delivered to this address.  Epiq will submit a

5

supplemental declaration after the January 14, 2022 deadline addressing any requests for exclusion received.

18.     The Notice, Summary Notice, and Settlement Website also inform Settlement Class Members that they may object to the proposed Settlement, the proposed Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses; the objection must be in writing, and filed with the Court and delivered to representatives of Lead Counsel and Defendants' Counsel such that they are received on or before January 10, 2022.

19.     Through December 31, 2021, Epiq has not been informed of any objections to the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2022.

_____
Jordan Broker

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---------------------------------------------------------- X

**PATRICIA LOWRY, individually and on behalf of all others similarly situated,**

**Plaintiff,**

-against-

**RTI SURGICAL HOLDINGS, INC., CAMILLE I. FARHAT, BRIAN K. HUTCHISON, JONATHON M. SINGER, ROBERT P. JORDHEIM, and JOHANNES W. LOUW,**

**Defendants.**

**Civil Action No. 20 C 01939 (MFK)**

**CLASS ACTION**

---------------------------------------------------------- X

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING**

**TO:**   ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED RTI SURGICAL HOLDINGS, INC. COMMON STOCK FROM MARCH 7, 2016 THROUGH MARCH 27, 2020, BOTH DATES INCLUSIVE (CLASS PERIOD), AND WERE DAMAGED THEREBY.

EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF RTI SURGICAL HOLDINGS INC. AT ALL RELEVANT TIMES, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY ENTITY IN WHICH ANY OF THE ABOVE HAVE OR HAD A CONTROLLING INTEREST.

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

**CLASS RECOVERY**: This Notice has been sent to you pursuant to an Order of the United States District Court, Northern District of Illinois (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement of the Action for $10,500,000. Plaintiff estimates there were approximately 32.5 million shares of RTI Surgical Holdings, Inc. common stock traded during the Class Period that may have been impacted. Pursuant to the Plan of Allocation (*see* Section III herein), if all affected RTI Surgical Holdings, Inc. shares elect to participate in the Settlement, the average recovery per share could be approximately $0.32, before deduction of any fees, expenses, costs, and awards described herein. The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

**POTENTIAL OUTCOME OF THE CASE**: The parties vigorously disagree on both liability and damages, and do not agree what damages per share would be recoverable if Plaintiffs prevailed on each claim alleged under the Securities Act of 1934. The issues on which the parties disagree include, but are not limited to: (a) whether any person who made the allegedly false and misleading statements acted with the requisite state of mind (*scienter*); (b) the materiality of some of the allegedly false and misleading statements; and (c) the effect, if any, of those statements on the price of RTI Surgical Holdings, Inc.'s common stock. The Defendants continue to deny that they are liable to the Plaintiff or the Class and deny that Plaintiff or the Class have suffered any damages, and the Settlement is not an admission of wrongdoing or liability.

**REASONS FOR SETTLEMENT**: Plaintiff believes that the proposed Settlement is fair, reasonable, adequate to, and in the best interests of the Class. Plaintiff and their counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Plaintiff's claims against Defendants, including the Defendants' contentions that the Class's claims are without merit, the uncertainties of

this complex litigation, the legal and factual defenses available to Defendants, and the concrete benefits provided by the Settlement to the members of the Class. The Settlement was entered into after extended mediation proceedings. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action to avoid the cost, delay, and risk of continuing the Action provided that all of the claims of the Class are settled and compromised.

**ATTORNEYS' FEES AND COSTS SOUGHT**: Lead Counsel has not received any payment for its services in conducting this litigation on behalf of Plaintiff and the members of the Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Lead Counsel will apply to the Court for attorneys' fees not to exceed 33% of the Settlement Amount, and reimbursement of expenses not to exceed $100,000. If the amount requested by counsel is approved by the Court, the average cost of fees would be approximately $0.10 per share. In addition, a Compensatory Award for the time and expenses incurred by the Lead Plaintiff will be requested, not to exceed $5,000.

**NOTICE AND ADMINISTRATION COSTS**: Subject to the Court's approval, the parties have agreed to deposit $200,000 of the Settlement Amount of $10,500,00 into a settlement Notice and Administration Account to cover the costs related to the publication and mailing of Notice to the Class and Administration of all claims filed by Class Members. The average cost per share for Notice and Administration is approximately $0.006 per share. Any amount expended in excess of $200,000 for Notice and Administration costs must be approved by the Court.

The total average cost per share would be approximately $0.11 if fees are awarded in the amount of 33% of the settlement amount, with $100,000 in expenses, $5,000 as a Compensatory award to Lead Plaintiff, and $200,000 for Notice and Administration costs.

**IDENTIFICATION OF PLAINTIFF'S COUNSEL**: Requests for further information regarding the Action and this Notice may be directed to Lead Counsel: Louis C. Ludwig, Esq., Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, lcludwig@pomlaw.com, and Devin "Velvel" Freedman, Roche Freedman LLP, 1 SE 3rd Ave., Suite 1240, Miami, FL 33131, vel@rcfllp.com.

## I.  THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

> **All persons and entities that purchased or otherwise acquired RTI Surgical Holdings, Inc. common stock from March 7, 2016 through March 27, 2020, both dates inclusive (the Class Period) and were damaged thereby.**

Excluded from the Class are Defendants, the officers and directors of RTI Surgical Holdings, Inc. at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above have or had a controlling interest.

*The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.*

## II.  THE LITIGATION

### Summary of the Litigation

The Court handling this Action is the United States District Court for the Northern District of Illinois, and the case is known as *In re RTI Surgical Holdings Inc. Holdings, Inc. Securities Litigation*, No. 20 C 01939 (MFK). On June 30, 2020, Rosy Yeretsian was appointed as Lead Plaintiff to represent the Class. The Defendants in this Action are RTI Surgical Holdings, Inc. (n/k/a Surgalign Holdings, Inc. and herein as "RTI" or the "Company") and Camille I. Farhat, Brian K. Hutchison, Jonathon M. Singer, Robert P. Jordheim and Johannes W. Louw.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) by Defendants.

During the Class Period, RTI Surgical Holdings, Inc., was a surgical implant company that designed, developed, manufactured, and distributed biologic, metal, and synthetic implants worldwide. The Company is a Delaware corporation headquartered in Deerfield, Illinois that, during the Class Period, was listed on the NASDAQ under the ticker symbol "RITX." Plaintiff alleges that, during the Class Period, Defendants misleadingly assured the market that (i) RTI recognized revenue in accordance with contractual arrangements between the Company and its customers; (ii) RTI's internal controls over financial reporting were effective; and (iii) RTI's public disclosures were complete. Plaintiff alleges that RTI's stock price was artificially inflated as a result of a series of misleading statements. The Court has not decided who is right.

AE6522 v.06

The Defendants deny all allegations of misconduct alleged by Plaintiff, deny having engaged in any wrongdoing whatsoever, and have asserted numerous defenses to Plaintiff's claims.

### Discovery, Investigation, and Research Conducted by Counsel

As part of the Settlement process, Lead Counsel performed an investigation and research into the merits of the Action. This investigation has included consultation with experts concerning the amount of damages suffered by the Class; interviews of confidential witnesses who previously worked at RTI Surgical Holdings, Inc. and its customers; detailed reviews of RTI Surgical Holdings, Inc.'s public filings, SEC filings, press releases, and other public statements; review of more than 3,000 pages of documents produced by Defendants; an interview by counsel of a Company corporate representative; review of reports issued by financial and industry analysts relating to RTI Surgical Holdings, Inc.; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

### Proposed Settlement

Lead Counsel and Defendants' Counsel participated in protracted negotiations in mediation with the assistance of mediator Michelle Yoshida, Esq. of Phillips ADR. During these negotiations, the parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the parties at trial, the risks of collection, and other important factual and legal issues. By entering the Settlement, the Defendants do not concede the truth of any of the claims against them.

These negotiations resulted in the agreement to settle all claims of the Class against the Defendants, *i.e.*, the Stipulation, entered into on August 31, 2021. Lead Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date in the action supports the claims asserted therein. Lead Counsel assert and believe the Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Lead Counsel, however, recognize and acknowledge the expense and length of continued proceedings, trial, and appeals, and have taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here, as well as the risks of collection. They are also mindful of the inherent problems of proof under the federal securities laws violations asserted in this Action, including the defenses asserted or that may be asserted by Defendants.

In light of the foregoing, Lead Counsel believe that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Lead Counsel have determined that the Settlement is in the best interests of the Class.

### The Release

In return for the payment of the Settlement Fund, Class Members who do not file for exclusion from the Class will release, discharge and dismiss with prejudice all Released Claims as against each and all of the Released Persons, without costs to any party except as provided herein, upon the Effective Date. Lead Plaintiff and all Class Members, whether or not any such Person submits a Proof of Claim and Release or shares in the Net Settlement Fund, on behalf of themselves and each of their predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees and administrators, will be deemed by this Settlement on the Effective Date to release and forever discharge the Released Persons from any and all of the Released Claims.

On the Effective Date, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceedings in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons.

### III. PROPOSED PLAN OF ALLOCATION

The $10,500,000 Settlement Amount and any interest earned thereon shall be the Settlement Fund. The Settlement Fund less taxes, approved costs, fees and expenses (the "Net Settlement Fund") shall be distributed to members of the Class who submit valid Claim Forms ("Authorized Claimants").

Epiq shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount of what a Class Member lost or might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

AE6523 v.06

The Plan of Allocation takes into consideration the limitation on damages provision of the PSLRA, 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Plaintiff's experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005). For purposes of this Settlement, the Recognized Loss shall be calculated as follows:

1. There is no Recognized Loss for shares purchased **on or before March 6, 2016**.

2. For each share of RTI common stock purchased d**uring the period March 7, 2016 through March 16, 2020**, inclusive, and

   a. sold prior to March 17, 2020, the Recognized Loss per share is $0.00.

   b. sold on March 17, 2020, the Recognized Loss per share is *the lesser of*:

      i. $0.55; or

      ii. the purchase price *minus* the sale price.

   c. sold during the period March 18, 2020 through March 19, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

      i. $0.77; or

      ii. the purchase price *minus* the sale price.

   d. sold during the period March 20, 2020 through March 27, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

      i. $1.00; or

      ii. the purchase price *minus* the sale price.

   e. sold during the period March 30, 2020 through June 25, 2020, inclusive, (*i.e.*, sold during the 90-day lookback period), the Recognized Loss per share is *the lesser of*:

      i. $1.28; or

      ii. the purchase price minus the 90-day lookback value on the date of sale as provided in Table 1 below; or

      iii. the purchase price *minus* the sale price.

   f. still held as of the close of trading on June 25, 2020, the Recognized Loss per share is *the lesser of*:

      i. $1.28; or

      ii. the purchase price *minus* the average closing price for RTI common stock during the 90-day lookback period, which is $2.43.

3. For each share of RTI common stock purchased on **March 17, 2020**, and

   a. sold prior to March 18, 2020, the Recognized Loss per share is zero.

   b. sold during the period March 18, 2020 through March 19, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

      i. $0.22; or

      ii. the purchase price *minus* the sale price.

   c. sold during the period March 20, 2020 through March 27, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

      i. $0.45; or

      ii. the purchase price *minus* the sale price.

   d. sold during the period March 30, 2020 through June 25, 2020, inclusive, (*i.e.*, sold during the 90-day lookback period), the Recognized Loss per share is *the lesser of*:

      i. $0.73; or

      ii. the purchase price *minus* the 90-day lookback value on the date of sale as provided in Table 1 below; or

      iii. the purchase price *minus* the sale price.

   e. still held as of the close of trading on June 25, 2020, the Recognized Loss per share is *the lesser of*:

AE6524 v.06

      i.     $0.73; or

      ii.     the purchase price *minus* the average closing price for RTI common stock during the 90-day lookback period, which is $2.43.

4. For each share of RTI common stock purchased **during the period March 18, 2020 through March 19, 2020**, inclusive, and

    a.    sold prior to March 20, 2020, the Recognized Loss per share is zero.

    b.    sold during the period March 20, 2020 through March 27, 2020, inclusive, the Recognized Loss per share is *the lesser of*:

      i.     $0.23; or

      ii.     the purchase price *minus* the sale price.

    c.    sold during the period March 30, 2020 through June 25, 2020, inclusive, (*i.e.*, sold during the 90-day lookback period), the Recognized Loss per share is *the lesser of*:

      i.     $0.51; or

      ii.     the purchase price *minus* the 90-day lookback value on the date of sale as provided in Table 1 below; or

      iii.    the purchase price *minus* the sale price.

    d.    still held as of the close of trading on June 25, 2020, the Recognized Loss per share is *the lesser of*:

      i.     $0.51; or

      ii.     the purchase price *minus* the average closing price for RTI common stock during the 90-day lookback period, which is $2.43.

5. For each share of RTI common stock purchased during the period **March 20, 2020 through March 27, 2020**, inclusive, and

    a.    sold prior to March 30, 2020, the Recognized Loss per share is zero.

    b.    sold during the period March 30, 2020 through June 25, 2020, inclusive, (*i.e.*, sold during the 90-day lookback period), the Recognized Loss per share is *the lesser of*:

      i.     $0.28; or

      ii.     the purchase price *minus* the 90-day lookback value on the date of sale as provided in Table 1 below; or

      iii.    the purchase price *minus* the sale price.

    c.    still held as of the close of trading on June 25, 2020, the Recognized Loss per share is *the lesser of*:

      i.     $0.28; or

      ii.     the purchase price *minus* the average closing price for RTI common stock during the 90-day lookback period, which is $2.43.

6. For each share of RTI common stock purchased **after March 27, 2020**, the Recognized Loss per share is $0.

| Table 1 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 3/30/2020 | $1.68 | 4/29/2020 | $1.97 | 5/29/2020 | $2.18 |
| 3/31/2020 | $1.70 | 4/30/2020 | $2.00 | 6/1/2020 | $2.19 |
| 4/1/2020 | $1.66 | 5/1/2020 | $2.03 | 6/2/2020 | $2.21 |
| 4/2/2020 | $1.63 | 5/4/2020 | $2.06 | 6/3/2020 | $2.22 |
| 4/3/2020 | $1.60 | 5/5/2020 | $2.07 | 6/4/2020 | $2.24 |
| 4/6/2020 | $1.60 | 5/6/2020 | $2.08 | 6/5/2020 | $2.25 |
| 4/7/2020 | $1.60 | 5/7/2020 | $2.08 | 6/8/2020 | $2.27 |

AE6525 v.06

| Table 1 90-Day Lookback Value | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 4/8/2020 | $1.63 | 5/8/2020 | $2.09 | 6/9/2020 | $2.29 |
| 4/9/2020 | $1.68 | 5/11/2020 | $2.10 | 6/10/2020 | $2.31 |
| 4/13/2020 | $1.73 | 5/12/2020 | $2.10 | 6/11/2020 | $2.32 |
| 4/14/2020 | $1.77 | 5/13/2020 | $2.11 | 6/12/2020 | $2.33 |
| 4/15/2020 | $1.79 | 5/14/2020 | $2.11 | 6/15/2020 | $2.34 |
| 4/16/2020 | $1.81 | 5/15/2020 | $2.11 | 6/16/2020 | $2.36 |
| 4/17/2020 | $1.83 | 5/18/2020 | $2.12 | 6/17/2020 | $2.37 |
| 4/20/2020 | $1.84 | 5/19/2020 | $2.12 | 6/18/2020 | $2.38 |
| 4/21/2020 | $1.86 | 5/20/2020 | $2.13 | 6/19/2020 | $2.40 |
| 4/22/2020 | $1.87 | 5/21/2020 | $2.13 | 6/22/2020 | $2.41 |
| 4/23/2020 | $1.87 | 5/22/2020 | $2.13 | 6/23/2020 | $2.42 |
| 4/24/2020 | $1.87 | 5/26/2020 | $2.14 | 6/24/2020 | $2.43 |
| 4/27/2020 | $1.88 | 5/27/2020 | $2.16 | 6/25/2020 | $2.43 |
| 4/28/2020 | $1.93 | 5/28/2020 | $2.17 | | |

**General Provisions:**

1. There shall be no Recognized Loss attributed to any RTI Surgical Holdings, Inc. securities other than RTI Surgical Holdings, Inc. common stock.

2. The date of a purchase, acquisition, or sale of RTI Surgical Holdings, Inc. common stock is the "trade" date, and not the "settlement" date.

3. The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

4. The date of covering a "short sale" is deemed to be the date of purchase of RTI Surgical Holdings, Inc. common stock, and the date of a "short sale" is deemed to be the date of sale of RTI Surgical Holdings, Inc. common stock. Shares originally sold short will have a Recognized Loss of zero.

5. Exercise of option contracts or the conversion of preferred stock into RTI Surgical Holdings, Inc. common stock will be considered to be purchases or sales of RTI Surgical Holdings, Inc. common stock as of the date of the exercise or conversion. For option contracts, the strike price will be considered the purchase price, and for preferred stock, the conversion price will be considered the purchase price.

6. No cash payment will be made on a claim where the potential distribution amount is less than $20.00 (Twenty Dollars and Zero Cents). Please be advised that if you did not incur a Recognized Loss as defined in the Plan of Allocation you will not receive a cash distribution from the Net Settlement Fund, but you will be bound by all determinations and judgments of the Court in connection with the Settlement, including being barred from asserting any of the Released Claims against the Released Persons.

7. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

8. No Person shall have any claim against Lead Counsel, the Settlement Administrator or other agent designated by Lead Counsel, or any Defendant or any Defendants' Counsel based on the distribution made substantially in accordance with the Stipulation and this Plan of Allocation, or further orders of the Court.

9. Class Members who do not submit valid Claim Forms will not share in the settlement proceeds. Class Members who do not either submit a request for exclusion or submit a valid Claim Form will nevertheless be bound by the settlement and the Order and Final Judgment of the Court dismissing this Action.

AE6526 v.06

## IV.  REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **postmarked no later than January 14, 2022**, addressed to the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq") at:

> RTI Securities Settlement
> PO Box 6819
> Portland, OR 97228-6819

Such request for exclusion shall be in a form that sufficiently identifies (1) the name and address of the person(s) or entity seeking exclusion, and (2) a list of all transaction(s) involving RTI Surgical Holdings, Inc. Common Stock during the period from March 7, 2016 through June 25, 2020, including the number of shares, principal amount and trade date of each purchase and sale. A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein. **You cannot exclude yourself by telephone, email or fax**.

**If a person or entity who is a member of the Class duly and timely requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all members of the Class who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Persons.

## V.  STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

If the proposed Settlement is approved, Lead Counsel intend to apply to the Court for an award of attorneys' fees and reimbursement of expenses from the Settlement Fund. Lead Counsel will seek no more than 33 percent of the Settlement Fund as fees, plus an additional amount not to exceed $100,000 as reimbursement for the expenses and costs actually incurred, in prosecuting the action. Lead Counsel believe their intended fee request to be fair and reasonable. Lead Counsel have litigated this case on a wholly contingent basis and have received no compensation during the period the case has been pending, while expending considerable time and funds during the Action. Had the case not been successful, Lead Counsel would have sustained a considerable financial loss.

In addition, Lead Counsel intend to apply to the Court on behalf of the Court-appointed Lead Plaintiff for reimbursement from the Settlement Fund for and of her reasonable time, costs and expenses directly relating to her representation of the Class. Lead Counsel will seek no more than $5,000 for the Lead Plaintiff.

## VI.  THE FINAL APPROVAL HEARING

The Final Approval Hearing shall be held before Honorable Matthew F. Kennelly on January 24, 2022, at 09:00 a.m., in Courtroom 2103 of the United States District Court for the Northern District of Illinois, Evert McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 or via Zoom or some other video platform to determine: (1) whether a Class should be certified for purposes of the Settlement and whether Lead Plaintiff and Lead Counsel have adequately represented the Class Members; (2) whether the proposed Settlement of the Class's claims against the Defendants for $10,500,000 should be approved as fair, reasonable and adequate; (3) whether the proposed Plan of Allocation is fair, just, reasonable, and adequate; (4) whether the Court should permanently enjoin the assertion of any claims that arise from or relate to the subject matter of the Action; (5) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement filed with the Court; (6) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; and (7) whether the Lead Plaintiff's application for reimbursement of costs and expenses should be granted.

*The Final Approval Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Final Approval Hearing or at any adjournment or continuance thereof.*

AE6527 v.06

Any Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the adequacy of the representation provided by Lead Plaintiff and Lead Counsel, the proposed Plan of Allocation of the Net Settlement Fund, the Final Order and Judgment contemplated by the Stipulation, the application for attorneys' fees and reimbursement of expenses, and/or the application for and of the reimbursement of the reasonable time, costs and expenses of the Lead Plaintiff, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney (or via any video platform designated by the Court) at the Final Approval Hearing, at his or her own expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person shall be considered by the Court unless, **no later than January 10, 2022**, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section IV herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court, and, on or before such filing, shall be delivered by hand, overnight mail or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

Lead Counsel:

| | |
|---|---|
| Louis C. Ludwig, Esq.<br>POMERANTZ LLP<br>10 South LaSalle Street<br>Suite 3505<br>Chicago, IL 60603 | Velvel Freedman, Esq.<br>ROCHE FREEDMAN LLP<br>1 SE 3rd Ave.<br>Suite 1240<br>Miami, FL 33131 |

Defendants' Counsel:

| | |
|---|---|
| Stephen P. Warren, Esq.<br>HOLLAND & KNIGHT LLP<br>701 Brickell Avenue<br>Suite 3300<br>Miami, FL 33131 | Stephen J. Crimmins, Esq.<br>MURPHY & MCGONIGLE, P.C.<br>1185 Avenue of the Americas<br>21st Floor<br>New York, NY 10036 |
| Deborah Meshulam, Esq.<br>DLA PIPER LLP (US)<br>500 8th Street NW<br>Washington, DC 20004 | Russell Koonin, Esq.<br>HOMER BONNER JACOBS ORTIZ, P.A.<br>1200 Four Seasons Tower<br>1441 Brickell Avenue<br>Miami, FL 33131 |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person or entity may have and shall be barred from raising such objections in this or any other action or proceeding. Objections directed solely to the proposed Plan of Allocation, attorneys' fees and expenses, or awards to the Lead Plaintiff will not affect the finality of either the Settlement or the Judgment to be entered pursuant thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII. PROOF OF CLAIM AND RELEASE FORM

*To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").* A Proof of Claim is annexed to this Notice. You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim** for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must be postmarked on or before January 14, 2022** and addressed to Epiq at:

RTI Securities Settlement<br>
PO Box 6819<br>
Portland, OR 97228-6819

AE6528 v.06

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as described in Section II, above, by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a member of the Class and the allowable amount of the claim.

If you would like acknowledgement of the receipt of your Proof of Claim by Epiq, please send it by certified mail, return requested, or its equivalent. No other formal acknowledgment will be provided.

## VIII. SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions and other nominees ("Nominees") who, during the Class Period, purchased, acquired, or sold RTI Surgical Holdings, Inc. common stock in the name of the Nominees on behalf of beneficial owners who may be members of the Class, **must** within ten (10) days after you receive this Notice, either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to Epiq at:

RTI Securities Settlement
PO Box 6819
Portland, OR 97228-6819

Epiq will then cause the Notice and the Proof of Claim to be mailed promptly to such beneficial owners.

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from Epiq (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to Epiq.

## IX. FURTHER INFORMATION

This Notice merely provides a brief summary of the Action and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the Action, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action. You may examine and/or copy the records in the Action, subject to customary copying fees, at the Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604, at any time it is open to the general public. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim form and proposed Judgments may be obtained by viewing the website at www.RTISecuritiesSettlement.com, or contacting Epiq at:

RTI Securities Settlement
PO Box 6819
Portland, OR 97228-6819

In addition, you may contact Louis C. Ludwig, Esq., Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603, (312) 377-1181, lcludwig@pomlaw.com or Velvel Freedman, Roche Freedman LLP, 1 SE 3rd Ave, Suite 1240, Miami, Florida 33131, (305) 306-9211 vel@rcfllp.com if you have any questions about the Action or the Settlement.

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE
CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated: September 22, 2021           BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

<u>**PROOF OF CLAIM AND RELEASE FORM**</u>

**A. <u>GENERAL INSTRUCTIONS & INFORMATION</u>**

1.     You are urged to read carefully the accompanying Notice of Pendency and Settlement of Class Action (the "Notice"). All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

2.     To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release form (the "Proof of Claim"). However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.     **You must mail your completed and signed Proof of Claim postmarked on or before January 14, 2022, addressed to the Claims Administrator at:**

RTI Securities Settlement
PO Box 6819
Portland, OR 97228-6819

4.     If you are a Class Member and you do not timely request exclusion, you will be bound by the terms of any Judgment entered in the Action.

5.     If you are **not** a Class Member, **do not** submit a Proof of Claim.

6.     **If you need assistance filling out this Proof of Claim, please contact the Claims Administrator.**

**B. <u>INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM</u>**

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice. Please refer to the proposed Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.     In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased RTI Surgical Holdings, Inc. ("RTI") common stock between March 7, 2016 and March 27, 2020, both dates inclusive (the "Class Period"), and otherwise be a Class Member as defined in the Notice.

2.     The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3.     All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of RTI common stock. (As outlined in the Notice, brokerage firms, banks and other nominees are requested to transmit copies of the Notice to their present or former customers who were such beneficial owners. *See* Notice, Section VIII.) If RTI common stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.     Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.     You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc. Joint tenants, co-owners or UGMA custodians should file a single claim. Claimants who file one or more claims (*e.g.*, one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at info@RTISecuritiesSettlement.com. Any file not submitted in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim number(s) and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@RTISecuritiesSettlement.com to inquire about your file and confirm it was received and acceptable.

7.     There will be no Recognized Loss attributed to any RTI securities other than common stock.

8.     The date of purchase and/or sale of shares of RTI common stock is the "trade" date and not the "settlement" date.

9.     The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10.    The date of covering a "short sale" is deemed to be the date of purchase of RTI common stock, and the date of a "short sale" is deemed to be the date of sale of RTI common stock. Shares originally sold short will have a Recognized Loss of zero.

11.    Exercise of option contracts or the conversion of preferred stock into RTI Surgical Holdings, Inc. common stock will be considered to be purchases or sales of RTI Surgical Holdings, Inc. common stock as of the date of the exercise or conversion. For option contracts, the strike price will be considered the purchase price, and for preferred stock, the conversion price will be considered the purchase price.

12.    The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement Class Member on equitable grounds.

13.    No cash payment will be made on a claim where the potential distribution is less than $20.00.

14.    You must attach to your Proof of Claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in RTI common stock in order for your claim to be valid. Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

If you have any questions or need additional Proofs of Claim, contact the Claims Administrator via the information set forth in Section A. You may make photocopies of this form.

**02-CA40052564**
AE6532 v.11

*Lowry v. RTI Surgical Holdings, Inc., et. al.*

## PROOF OF CLAIM

**Must be received by the Claims Administrator postmarked no later than January 14, 2022.**

## C. CLAIMANT IDENTIFICATION

***Please Type or Print***

Beneficial Owner's First Name          MI     Beneficial Owner's Last Name

Co-Beneficial Owner's First Name          MI     Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from the Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City          State     ZIP/Postal Code

Foreign Country (only if not USA)

Social Security Number          Taxpayer Identification Number

___ ___ ___ - ___ ___ - ___ ___ ___ ___     OR     ___ ___ - ___ ___ ___ ___ ___ ___ ___

Telephone Number (primary)          Telephone Number (alternate)

Email Address

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)     ☐ Pension Plan          ☐ Trust

☐ Corporation          ☐ Estate

☐ IRA/401(k)          ☐ Other _____ (please specify)

03-CA40052564
AE6533 v.11

### D. <u>SCHEDULE OF TRANSACTIONS IN RTI COMMON STOCK</u>

**1. BEGINNING HOLDINGS** – State the total number RTI common stock held as of close of trading on March 6, 2016. If none, write "zero" or "0."

☐☐☐☐☐☐☐☐ . ☐☐

**2. PURCHASES/ACQUISITIONS DURING CLASS PERIOD** – Separately list each and every **purchase** of RTI common stock between March 7, 2016 **through** June 25, 2020, inclusive, and provide the following information *(must be documented)*:

| Trade Date MM/DD/YY (list chronologically) | Number of Shares Purchased | Price per Share | Total Purchase Price (without regard to fees, commissions, taxes and other costs) |
|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |

**3. SALES** – Separately list each and every **sale** of RTI common stock between March 7, 2016 through June 25, 2020, inclusive, and provide the following information *(must be documented)*:

| Trade Date MM/DD/YY (list chronologically) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (without regard to fees, commissions, taxes and other costs) |
|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐☐☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐☐☐☐☐ . ☐☐ |

**4. ENDING HOLDINGS** – State the **total number** of RTI common stock owned at the close of trading on June 25, 2020, long or short *(if none, enter "0"; if other than zero, must be documented)*:

☐☐☐☐☐☐☐☐ . ☐☐

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and last four digits of your Social Security or Taxpayer Identification Number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION BELOW.**

## F. **RELEASE**

By signing this Proof of Claim and Release form, and in consideration of the establishment of the Net Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other person claiming (now or in the future) to have acted through or on behalf of them, hereby release and forever discharge all of the "Released Claims," including "Unknown Claims," against each of the "Released Persons."

"Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever, whether based in law or equity, on federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and unknown claims, from the beginning of time until the date on which the Court enters final approval of the Settlement, the Action is dismissed, and all appeals, if any, have been exhausted and which have been or could have been asserted in any forum by Plaintiff or the Class, or any of them, or the successors or assigns of any other them, whether directly, indirectly, representatively or in any other capacity against any of the Released Persons, which arise out of, or related in any way, directly or indirectly, to the allegations, transactions, facts, events matters, occurrences, acts, representations or omissions involved, set forth, referred to, or that could have been asserted in this Action, including without limitations, claims for statutory or common law fraud, negligence, gross negligence, or breach of fiduciary duty, provided, however, that the claims to be released shall not include any release of the derivative claims asserted in *In re RTI Surgical Derivative Litigation*, Civil Action No. 20 C 03347 (MFK), pending in the U.S. District Court for the Northern District of Illinois. Expressly excluded from the definition of Released Claims are: (i) all claims of any Person who submits a request for exclusion from the Settlement, to the extent that the Court grants any such request; and (ii) all claims to enforce the terms of the Settlement.

"Released Persons" means RTI Holdings, Inc., Surgalign Holdings, Inc. and their past or present subsidiaries, parents, affiliates, successors and predecessors, shareholders, creditors, officers, directors, employees, insurers, reinsurers, professional advisors, attorneys, agents, auditors, accountants, and any firm, trust, corporation or other entity in which it has a controlling interest; and Camille I. Farhat, Brian K. Hutchison, Jonathon M. Singer, Robert P. Jordheim and Johannes W. Louw, their legal representatives, heirs, successors in interest or assigns, or any person, firm, trust, corporation or other entity in which Camille I. Farhat, Brian K. Hutchison, Jonathon M. Singer, Robert P. Jordheim and Johannes W. Louw has a controlling interest.

"Unknown Claims" means: (i) any claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase, acquisition or sale of RTI Surgical Holdings, Inc. common stock; and (ii) Defendants' Claims that Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, the Parties shall expressly waive, and each of the Class Members shall be deemed to have waived and by operation of the Order and Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff acknowledges, and the Class Members shall be deemed by operation of the Order and Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement of which this release is a part.

## G. **REPRESENTATIONS**

I/we acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/we hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Stipulation of Settlement) with respect to any of the claims asserted in the Action, member of a Defendant's family or their legal representative, heir, successor or assign, an entity in which any Defendant (or a combination of defendants) have or had a controlling interest, or a person or entity who has requested exclusion from the Class.

I/we hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release form.

## H. <u>CERTIFICATION</u>

I/we certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.)**

I/we declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this _____ day of _____, 2021 in _____ .

(City) (State/Country)

| | | Date | | | |
|---|---|---|---|---|---|
| Signature of Claimant | | | MM | DD | YY |
| Print Name of Claimant | | | | | |
| Signature of Joint Claimant, if any | | Date | MM | DD | YY |
| Print Name of Joint Claimant, if any | | | | | |

(Capacity of person(s) signing *e.g.*, Beneficial Purchaser, Executor, or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

**Reminder Checklist:**

1. Remember to sign the above Release and Certification.

2. Remember to attach only **copies** of acceptable supporting documentation. Failure to provide all the acceptable documentation and transactions requested may result in the rejection of your claim in part or in full.

3. Do not send originals of securities certificates.

4. Keep copies of the completed claim form and documentation for your own records.

5. If you would like acknowledgement of the receipt of your Proof of Claim by Epiq, please send it by certified mail, return requested, or its equivalent. No other formal acknowledgment will be provided.

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at: *Lowry v. RTI Surgical Holdings, Inc.*, Claims Administrator, www.RTISecuritiesSettlement.com.

06-**CA40052564**
AE6536 v.11

# EXHIBIT B

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF: RTI Securities Settlement**

I, Tammy Ollivier, hereby certify that

 (a) I am the Senior Notice Program Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;

 (b) The Notice, of which the annexed is a copy, released as follows on the following date:

*10.13.2021 – PR Newswire*

*Tammy Ollivier*
_____
**(Signature)**

Senior Notice Program Manager
_____
**(Title)**

# Notice of Proposed Class Action Settlement Involving all Persons and Entities that Purchased or Otherwise Acquired RTI Surgical Holdings, Inc. Common Stock

NEWS PROVIDED BY

**United States District Court for the Northern District of Illinois ➞**

Oct 13, 2021, 09:00 ET

CHICAGO, Oct. 13, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

----------------------------------------------------------x

**PATRICIA LOWRY, individually and on behalf of all others similarly situated,**

**Plaintiff,**

-against-                                                        Civil Action No. 20 C 01939 (MFK)

RTI SURGICAL HOLDINGS, INC.,                    CLASS ACTION

CAMILLE I. FARHAT, BRIAN K.

HUTCHISON, JONATHON M. SINGER,

ROBERT P. JORDHEIM, and JOHANNES
W. LOUW,

            **Defendants.**

-----------------------------------------------------------x

## <u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING</u>

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED RTI SURGICAL HOLDINGS, INC. COMMON STOCK FROM MARCH 7, 2016 THROUGH MARCH 27, 2020, BOTH DATES INCLUSIVE (CLASS PERIOD) AND WERE DAMAGED THEREBY.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, that a hearing will be held on January 24, 2022, at 9:00 a.m., before the Honorable Matthew F. Kennelly at the United States District Court for the Northern District of Illinois, Evert McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 or via Zoom or some other video platform, to determine: (1) whether the proposed Settlement of the Class's claims against the Defendants for $10,500,000 should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable, and should be approved; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether a reimbursement award for Plaintiff's costs and expenses should be granted; and (5) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Settlement Stipulation filed with the Court.

If you purchased or acquired RTI Surgical Holdings, Inc. common stock between March 7, 2016 and March 27, 2020, your rights may be affected by the Settlement of this Action. If you have not received a detailed Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice") and a copy of the Proof of Claim

and Release Form, you may obtain copies by writing to the Claims Administrator at: *RTI Securities Settlement,* Claims Administrator, PO BOX 6819, Portland, OR 97228-6819, email: info@RTISecuritiesSettlement.com.

If you are a member of the Class and wish to share in the Settlement money, you must submit a Proof of Claim no later than January 14, 2022 establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, by no later than January 10, 2022.  Any objections to the Settlement, Plan of Allocation or attorney's fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than January 10, 2022.

Inquiries, other than requests for the Notice, may be made to Class Counsel: Louis C. Ludwig, Esq., Pomerantz LLP, 10 South La Salle Street, Suite 3505, Chicago, IL 60603, lcludwig@pomlaw.com, or Velvel Freedman, Roche Freedman LLP, 1 SE 3rd Ave., Suite 1250, Miami, Florida 33131, vel@rcfllp.com.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,**
**THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: September 27, 2021

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS

SOURCE United States District Court for the Northern District of Illinois

# Notice of Proposed Class Action Settlement Involving all Persons and Entities that Purchased or Otherwise Acquired RTI Surgical Holdings, Inc. Common Stock

NEWS PROVIDED BY

**United States District Court for the Northern District of Illinois →**
Oct 13, 2021, 09:00 ET

CHICAGO, Oct. 13, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

---------------------------------------------------------x

**PATRICIA LOWRY, individually and on behalf of all others similarly situated,**

**Plaintiff,**

-against-                                                     Civil Action No. 20 C 01939 (MFK)

RTI SURGICAL HOLDINGS, INC.,                  CLASS ACTION
CAMILLE I. FARHAT, BRIAN K.
HUTCHISON, JONATHON M. SINGER,

ROBERT P. JORDHEIM, and JOHANNES W. LOUW,

                Defendants.

-----------------------------------------------------------x

## <u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND FINAL APPROVAL HEARING</u>

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED RTI SURGICAL HOLDINGS, INC. COMMON STOCK FROM MARCH 7, 2016 THROUGH MARCH 27, 2020, BOTH DATES INCLUSIVE (CLASS PERIOD) AND WERE DAMAGED THEREBY.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, that a hearing will be held on January 24, 2022, at 9:00 a.m., before the Honorable Matthew F. Kennelly at the United States District Court for the Northern District of Illinois, Evert McKinley Dirksen Building, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 or via Zoom or some other video platform, to determine: (1) whether the proposed Settlement of the Class's claims against the Defendants for $10,500,000 should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation is fair and reasonable, and should be approved; (3) whether the application by Lead Counsel for an award of attorneys' fees and expenses should be approved; (4) whether a reimbursement award for Plaintiff's costs and expenses should be granted; and (5) whether the Action should be dismissed with prejudice against the Defendants as set forth in the Settlement Stipulation filed with the Court.

If you purchased or acquired RTI Surgical Holdings, Inc. common stock between March 7, 2016 and March 27, 2020, your rights may be affected by the Settlement of this Action. If you have not received a detailed Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice") and a copy of the Proof of Claim

and Release Form, you may obtain copies by writing to the Claims Administrator at: *RTI Securities Settlement,* Claims Administrator, PO BOX 6819, Portland, OR 97228-6819, email: info@RTISecuritiesSettlement.com.

If you are a member of the Class and wish to share in the Settlement money, you must submit a Proof of Claim no later than January 14, 2022 establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, by no later than January 10, 2022.  Any objections to the Settlement, Plan of Allocation or attorney's fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than January 10, 2022.

Inquiries, other than requests for the Notice, may be made to Class Counsel: Louis C. Ludwig, Esq., Pomerantz LLP, 10 South La Salle Street, Suite 3505, Chicago, IL 60603, lcludwig@pomlaw.com, or Velvel Freedman, Roche Freedman LLP, 1 SE 3rd Ave., Suite 1250, Miami, Florida 33131, vel@rcfllp.com.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,**
**THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

Dated: September 27, 2021

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT ILLINOIS

SOURCE United States District Court for the Northern District of Illinois